VINCENT C. CAMPBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES E. CAMPBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN ALBERT CAMPBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15707, 15709, 15710. Promulgated September 29, 1948.

*Theodore W. Kearins, C. P. A.*, for the petitioners.
*Clarence E. Price, Esq.*, for the respondent.

**OPINION.**

M$_{\text{URDOCK}}$, *Judge*: The Commissioner in his brief attempts to argue matters inconsistent with his own determination as disclosed in the deficiency notices. He may not do that under the rules of the Court without affirmative pleadings on his part. It must be recognized, for the purpose of this proceeding, that the petitioners actually loaned the money to the Campbell Bros. Coal Co. of Akron, in the amounts claimed in their returns, and those amounts became worthless during 1944, because those facts are not only consistent with, but are essential to, the determination made by the Commissioner. The petitioners have properly deemed those matters not in dispute.

The only question at issue is whether those bad debts were business or nonbusiness bad debts within the meaning of section 23 (k) (4). That section provides that the term "non-business debt" means a debt other than one "evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." The loans here in question were not evidenced by a security as defined in paragraph (3). They were debts, the loss from the worthlessness of which was incurred in the taxpayers' business. A finding has been made that they were business rather than nonbusiness bad debts because the evidence shows that they had a direct connection with the business carried on by these petitioners and the losses were directly a result of, and incurred in,

the business of organizing and operating corporations engaged in the retail coal business, which business of organizing and operating such corporations was carried on by the petitioners during the taxable year. These are not cases in which losses of corporations are being confused with losses of individuals or in which the business of a corporation is being confused with the business of individuals. Nor are they like net loss carry-over cases in which loss occurred in isolated transactions rather than in the operation of a business. Cf. *Joseph Sic*, 10 T. C. 1096. These petitioners were entitled to the deductions which they claimed on their returns for bad debts.

Reviewed by the Court.

*Decision will be entered under Rule 50.*