J. Noel Macy v. Commissioner.
Macy v. Commissioner
Docket No. 19470.
United States Tax Court
1949 Tax Ct. Memo LEXIS 107; 8 T.C.M. (CCH) 713; T.C.M. (RIA) 49197; August 17, 1949
*107 Loan of $25,000 which became worthless was a business bad debt rather than a non-business bad debt and is deductible in full under section 23(k)(1) of the Internal Revenue Code. William H. Hall, Esq., 50 Broadway, New York, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1943 in the amount of $5,625. The question for decision is whether a debt of $25,000, which became worthless in 1943, is deductible in its entirety under section 23(k)(1), or is a "non-business debt" subject to the limitations of section 23(k)(4) of the Internal Revenue Code. In the deficiency notice respondent disallowed the deduction on the ground that the "debt did not become worthless in 1943" but, on brief, he concedes the fact of worthlessness in 1943 and argues solely that the debt was a non-business debt, with the consequent limitation on the amount of the deduction. Findings of Fact The petitioner is an individual whose office address is 50 Broadway, New York, N. *108 Y. His income tax return for the calendar year 1943 was filed with the collector of internal revenue for the second district of New York. Powell & Morgan S. A., a Mexican corporation, was organized in January, 1942, by American and Mexican business men to promote various business enterprises in Mexico. The Americans, Messrs. Powell and Morgan, who had expended or committed themselves to the extent of $25,000 in pre-organization expenses, were to receive 51 per cent of the capital stock and the Mexicans, although they had contributed no cash, were to receive 49 per cent. Shortly prior to the incorporation of Powell & Morgan S. A., petitioner agreed to devote as much time as he could spare to its over-all management and also to contribute financial aid as needed. He subsequently invested $25,000 in the capital of the company for which he was to receive one-third of the aforementioned 51 per cent of the stock. In February, 1942, Powell & Morgan S. A. entered into a contract to purchase a Mexican rubber plantation from one Enrique Rau for the sum of $175,000. The down-payment was $25,000, which was obtained by the execution of a promissory note by Powell & Morgan S. A., endorsed *109 by petitioner and cashed by the Pan American Trust Company. The balance of the purchase price, to-wit, $150,000, was evidenced by mortgage notes signed by the Mexican members of Powell & Morgan S. A. On or about May 20, 1942, Powell & Morgan S. A. took possession of the plantation but actual title to the property was taken in the name of a Mexican lawyer as nominee for the company. The promissory note for $25,000 which the petitioner endorsed was renewed from time to time until October 25, 1943, on which date it was protested for non-payment, whereupon the petitioner paid to Pan American Trust Company, the payee thereof, the sum of $25,000 in discharge of his liability as endorser, but no part of that sum has ever been repaid to the petitioner. Powell & Morgan S. A. ceased operations in the calendar year 1943 without assets and the debt it owed the petitioner in the sum of $25,000 became worthless in that year. During the period from 1923 to and including 1943, the petitioner was financially interested in a number of business ventures. In every case they were very small corporations involving one, two, or three people andpetitioner was mainly involved in the management and *110 operation thereof. The petitioner and his father and brother maintain an office for the keeping of the records of their business enterprises, which during recent years has been located at 50 Broadway, New York City. Sic or seven persons are employed in the office keeping books, handling papers and doing the detail work involved in keeping a record of the financial aid which has been given to these various enterprises. Among the business ventures in which the petitioner became interested in a managerial as well as a financial capacity during the 21-year period mentioned, were the following: a mining corporation which had a lease on prospective oil fields in Cuba; a machine to improve the manufacture of golf clubs with wooden shafts; a method for pepping up golf balls; a method for folding paper for printer telegraph machines which is generally used by the press associations today; a venture into a Chilean gold mine; a radio station in White Plains, New York; and a photographic paper company which manufactures a paper presenting a direct positive instead of the opposite or negative of the print. Petitioner's largest investments were in newspapers in Westchester County, New York. *111 He eventually established a countywide suburban newspaper chain, publishing eight daily and four weekly newspapers. Up to 1941, petitioner had put about $1,200,000 of his own money into this venture and his family's total investment was approximately $5,000,000. About half of such amounts were invested in stock and half in the form of loans. During all the time petitioner was making investments and advancing moneys to these various newspapers, he was also concerned with their management as well as their actual operation. From 1928 he was the president and general manager of the newspaper chain. The petitioner became interested in Powell & Morgan S. A. in the same manner he became interested in his other business ventures. It was a small company and petitioner expected to devote as much time as he could spare to the over-all management. He was also expected to contribute financial assistance as well as personal aid, which he did. Petitioner's interest in Powell & Morgan S. A. was about evenly divided between investing and operating and he was very much interested in the operating side. The obligation of $25,000 assumed and paid by the petitioner as endorser of the note of Powell *112 & Morgan S. A. was a business debt which became worthless in 1943 and is deductible in its entirety under section 23(k)(1) of the Internal Revenue Code. Opinion ARUNDELL, Judge: In the notice of deficiency respondent seems to have based his action in disallowing the deduction of $25,000 on the ground that the debt did not become worthless in 1943 but, on brief, he now concedes that the worthlessness did occur in that year. However, the petitioner appears to accept as his burden the matter of proving that the debt was not a "non-business debt" and, as the case proceeded on that assumption, we will consider that the point is properly in issue. It is now well recognized that the question of whether or not a taxpayer is engaged in business or is a mere investor depends upon the facts in each case. As stated by the First Circuit Court of Appeals in Foss v. Commissioner, 75 Fed. (2d) 326: "The line comes between those who take the position of passive investors, doing only what is necessary from an investment point of view, and those who associate themselves actively in the enterprises in which they are financially interested and devote a substantial *113 part of their time to that work as a matter of business." The evidence in this case establishes that the petitioner, from the time of leaving college and the start of his business career, was engaged in financing and managing new enterprises. He maintained an office, employed competent help, and devoted his time and attention to promoting various enterprises. He gave financial aid both by the purchase of stock and by the lending of money and in all these enterprises he was active, in varying degree, in their management. His largest interests were in the newspaper field but he gave a substantial part of his time to his other affairs. The respondent suggests that the petitioner was not particularly active in Powell & Morgan S. A. and points to the fact that petitioner was an officer in the Army during the period of this transaction. This is true but we do not think the fact that his activity may have been somewhat curtailed because he was called to serve his country should bear too heavily against him. Petitioner was kept fully advised and was actively consulted in connection with the Mexican venture of Powell & Morgan S. A. and the nature of his participation can hardly be characterized *114 as that of a passive investor. We think a fair consideration of the entire record warrants the holding that the loan in question was made in the course of petitioner's business operations and the loss of the $25,000 which occurred in 1943, in our opinion, is deductible as a business bad debt within the meaning of section 23(k)(1) of the Internal Revenue Code. Vincent C. Campbell, 11 T.C. 510. Decision will be entered for the petitioner.