**COMMITTEE FOR COMMON STOCK-HOLDERS OF THE UNITED CORP. v. SECURITIES AND EXCHANGE COMMISSION et al.**

No. 218, Docket 21915.

United States Court of Appeals
Second Circuit.

Argued March 6, 1951.

Decided April 30, 1951.

Marks & Marks, New York City (Joseph B. Hyman, Alexandria, Va., of counsel), for petitioner.

Whitman, Ransom, Coulson & Goetz (Richard Joyce Smith, William T. Farley and Frederick B. Lacey, all of New York City, of counsel), for respondent United Corp.

Roger S. Foster, General Counsel, David Ferber, Special Counsel, William R. Nowlin, Special Counsel, Division of Public Utilities and Elizabeth B. A. Rogers, all of Washington, D. C., for respondent, Securities and Exchange Commission.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In 1943 the Securities and Exchange Commission (SEC), pursuant to Section 11(b) of the Public Utility Holding Company Act, 15 U.S.C.A. § 79, made an order directing the intervenor United Corporation (United) to cease to be a holding company. In November 1949 United filed an application, amended in June 1950, for approval of a plan of reorganization which purported to comply with the 1943 order.[1] The SEC thereafter held hearings and heard oral argument extending to December 20, 1950, with respect to approval of the Plan and its decision is still *sub judice*.

On July 27, 1950, shortly after the hearings on the Plan commenced, the petitioner, a Committee representing some 20% of United's stock, which had appeared in opposition to the Plan from the beginning of the proceedings, filed a declaration with the SEC pursuant to §§ 11(g) and 12(e) of the Act and Rule U–62 of the SEC promulgated thereunder in order to obtain its consent to the solicitation of United's stockholders to obtain their approval of further amendments to the Plan proposed by United. After consultation with the Division of Public Utilities of the SEC, the declaration of the Committee was amended in certain particulars but, upon the refusal of the latter to withdraw certain charges of impropriety on the part of United's officers, the Division moved before the SEC to deny effectiveness to the amended declaration. After oral argument, the motion was granted on December 15, 1950. The SEC held that it was the duty of itself and none other to

---

1. For a fuller history of United and litigation involving it and the persons constituting the petitioning committee, see Phillips v. S. E. C., 2 Cir., 153 F.2d 27; Phillips v. S. E. C., 2 Cir., 171 F.2d 180.

determine whether the Plan submitted was fair and equitable and otherwise complied with the Act. Moreover, as the objections of the petitioner to the Plan had been extensively presented to and argued before the SEC, the benefits to be derived through the proposed solicitation in assisting it to pass on the merits of the Plan were held to be outweighed by the resulting expense and burden upon the reorganization process. It further held that the declaration was objectionable because the charges of misconduct on the part of United's officers contained in it had not been established.

■ The petitioner seeks a review under Section 24 of the Act, 15 U.S.C.A. § 79x, of the decision of the SEC denying the further solicitation of proxies. It contends that it is beyond the power of the SEC to bar a polling of the stockholders and argues that polling might show that more than 20% of the stockholders which the petitioner claims to represent are in opposition to the Plan, and says that a larger opposition might in turn influence a court in the event of subsequent enforcement proceedings. It also contends that its solicitation material is informative to stockholders and entirely proper. Since we propose to deny a review on the ground that no solicitation is appropriate at the present time it becomes unnecessary to decide how far the SEC may limit the material used in soliciting proxies to facts which it regards as true wherever some solicitation would be proper. It is, therefore, unnecessary to determine the propriety of the material proposed. We cannot say that a court might not be influenced in an enforcement proceeding by the extent of stockholder opposition to a proposed plan. But the petitioner has not been denied an opportunity to solicit proxies for the forthcoming annual meeting of United and any support it there obtained would be as efficacious as at the present time in this regard, especially where petitioner already represents 20% of the stockholders. Under such circumstances, the SEC was well within its discretion in deciding that the chance of a purely advisory vote of some additional stockholders would not serve a useful purpose when

balanced against the burden on the reorganization process.

We further see no reason to reverse the SEC's finding that, under the circumstances here shown, an advisory vote would not aid them in discharging their statutory responsibility in dealing with United's Plan. We, therefore, agree with the SEC in holding that no need for solicitation at the present time is shown.

Nor is the granting of any solicitation required by the Act. Section 11(g) bans solicitation of proxies in respect to a plan unless "each such solicitation is made not in contravention of such * * * orders as the Commission may deem necessary or appropriate in the public interest". The last clause of § 11(g) also provides that: "Nothing in this subsection or the rules and regulations thereunder shall prevent any person from appearing before the Commission or any court through an attorney or proxy."

Petitioner contends that the SEC's power under § 11(g) is editorial only and does not extend to an order barring any solicitation and argues that refusal to permit some solicitation in effect "prevent(s) any person from appearing before the Commission" because stockholders will neglect to appear who would otherwise appear by proxy under the stimulus of the material petitioner seeks to provide.

■ We do not understand the statute to require the SEC to permit solicitation at any time. It is true that we have recently held that the SEC may permit solicitation before it has reported on a plan, North American Utility Securities Corp. v. Posen, 2 Cir., 176 F.2d 194, but that decision cannot be read as indicating that the SEC must permit such solicitation. The Act bans all solicitation with certain exceptions, rather than permits solicitation at all times subject to certain regulations, and it seems to us clearly to contemplate a decision by the SEC that solicitation at a particular time may not be proper. Concededly misleading solicitation material might cause more stockholders to appear before the Commission than would truthful material but despite the last sentence of § 11(g) that would not prevent the SEC from correcting such

material. Similar reasoning permits the refusal of any solicitation although such solicitation might incite proxies. The sentence in question would permit the appearance in proceedings before the SEC or the court of an interested stockholder regardless of the fact that the source of his information concerning the proceedings is from material not screened by the SEC, but in no way requires the SEC to permit dissemination of material whenever a petitioner makes the request.

Petition denied.