ESTATE OF WILLIAM P. PALMER, JR., JEAN H. PALMER AND GEORGE H. P. LACEY, CO-EXECUTORS, AND JEAN H. PALMER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29513. Promulgated October 25, 1951.

*George Farr, Jr., Esq.*, for the petitioners.
*Cyrus A. Neuman, Esq.*, for the respondent.

704

**OPINION.**

Raum, *Judge:* The conclusion that the business of Greenbrier Farms was not the business of Palmer follows of necessity from such deci- sions as *Jan G. J. Boissevain,* 17 T. C. 325; *A. Kingsley Ferguson,* 16 T. C. 1248; *Dalton* v. *Bowers,* 287 U. S. 404; *Burnet* v. *Clark,* 287 U. S. 410; and *Deputy* v. *duPont,* 308 U. S. 488, 493–494. True, a different result has been reached in some exceptional situations where the tax-payer's activities in making loans to a number of corporations and financing various enterprises have themselves been regarded as so extensive as to constitute a business. Cf. *Weldon D. Smith,* 17 T. C. 135; *Henry E. Sage,* 15 T. C. 299; *Vincent C. Campbell,* 11 T. C. 510. However, we are satisfied by the facts before us that petitioner's activities in making loans and financing enterprises were not of such character as to constitute a business. He made loans only to Greenbrier Farms and Greenbrier Products. As far as this record shows, his stock purchases, in several other corporations, were of no different character from those made by any other passive investor in securities. Palmer's activities, as disclosed by this record, hardly furnish the basis for classifying him as one who was in the business of financing corporate enterprises or other ventures. We conclude that the facts

of this case bring it within the *Boissevain* and related decisions, and are not sufficient to justify the exceptional treatment allowed by the *Smith, Sage,* and *Campbell* decisions.

*Decision will be entered under Rule 50.*