William H. Duff, II v. Commissioner.
William H. Duff v. Commissioner
Docket No. 39206.
United States Tax Court
1953 Tax Ct. Memo LEXIS 60; 12 T.C.M. (CCH) 1305; T.C.M. (RIA) 53362; November 13, 1953
Fred C. Houston, Jr., Esq., for the petitioner. George Rabil, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $454.01 in the income taxes of the petitioner for 1949. The only issue is whether the petitioner is entitled to a deduction for medical expense. Findings of Fact The petitioner, who resided in Pittsburgh, Pennsylvania, filed his individual income tax return for 1949 with the collector of internal revenue for the 23rd District of Pennsylvania. His wife filed a separate return for 1949. The petitioner was in his early seventies in 1949. He was a semi-invalid, markedly crippled, used a cane and had great difficulty in walking. He was then suffering, and *61 had been for some years, from a severe case of psoriasis, psoriatic arthritic gout, heart disease and infestation of the lung. His doctor advised him in the latter part of 1948 to go to Florida during the winter months for the benefit of his psoriasis which he would receive from the natural sunlight there. A consulting eminent dermatologist had also recommended sunlight treatment to mitigate the effects of the psoriasis of the petitioner. The petitioner, upon the advice of his doctors and solely for the mitigating benefit of the recommended natural sunlight treatment which he would receive there, went to Florida in the latter part of 1948, came to Washington, D.C., for some reason not shown by the record, went back to Florida in January 1949 and remained there until his return to Pittsburgh early in April. His Pittsburgh doctor referred him to a doctor in St. Petersburg and the two corresponded in regard to treatment of the petitioner while he was in Florida. The petitioner was suffering great pain and the sunlight treatment had a tendency to alleviate that pain. The petitioner, while in Florida, spent most of his time sunning himself. He did not go there for his general health *62 but only for the purpose of obtaining some relief from his psoriasis by exposing himself to natural sunlight. The petitioner had never taken a vacation in Florida. The petitioner expended $1,377.62 for hospital and medical treatments during 1949, "no portion of which has been disallowed in respondent's determination." That is $91.50 in excess of similar expenditures claimed on the return. The petitioner expended additional amounts for lodging, travel and incidental expenses in connection with the trip from Washington, D.C., to St. Petersburg, Florida, and return to Pittsburgh, Pennsylvania. The total amount expended for the trip during 1949 was $1,435.38. The petitioner, on his return claimed, medical and dental expenses not compensated for by insurance or otherwise in the amount of $2,741.31 from which he subtracted 5 per cent of his income and claimed the difference of $921.26 as a deduction. The Commissioner, in determining the deficiency, erroneously disallowed the deduction of $921.26. The facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: Section 23 (x) of the Internal Revenue Code allows a deduction *63 for expenses paid during the taxable year for medical care of a taxpayer to the extent that such expenses exceed 5 per cent of his adjusted gross income and are not compensated for by insurance or otherwise. It defines the term "medical care" to include amounts paid, inter alia, for the mitigation or treatment of disease. The Commissioner's main argument is that the trip to Florida does not come within section 23 (x). The evidence clearly shows that it was solely for the mitigation and treatment of a severe and painful disease with which the petitioner was then afflicted. The Commissioner next contends that some of the expenditures were personal or living expenses within the meaning of section 24 (a) (1) and were for that reason not "extraordinary medical expenses" deductible under section 23 (x) The Commissioner, in Regulations 111, Section 29.23 (x)-1, states that payments for "travel primarily for and essential to * * * the * * * alleviation of a physical * * * illness, are deductible." This Court held in L. Keever Stringham, 12 T.C. 580, 586, affd. 183 Fed. (2d) 579, that the cost of meals and lodging while away from home on a trip undertaken primarily *64 for purposes mentioned in section 23 (x) are a part of medical care expenses within the meaning of that section. The amount claimed by the petitioner on his return as medical expenses is somewhat less than the uncontested amount spent for hospital and medical treatment plus the total cost of the Florida trip. Certain "incidentals" included in the expense of the Florida trip which possibly might not qualify as medical expenses are less than this difference and require no decision as to whether or not they are medical expenses since the petitioner is not claiming any refund. The final argument of the Commissioner is "no proof whatever was offered as to whether any medical expenses were compensated for by insurance or otherwise" and therefore the deduction should be disallowed. That argument is made for the first time in the Commissioner's brief. He gave no explanation in the notice of deficiency for his disallowance of the deduction but he entered into a stipulation that "Petitioner expended for hospital and medical treatments the sum of $1377.62 during the year 1949, no portion of which has been disallowed in respondent's determination." It seems reasonable to conclude that no such *65 stipulation would have been made had the Commissioner believed that some of the medical expenses had been compensated for by insurance or otherwise. Counsel for the Commissioner in his opening statement indicated that the only matter in controversy was the expense of the Florida trip. His statement indicates that there was not any question about any of those expenses having been compensated for by insurance or otherwise. Counsel for the petitioner obviously understood that there was no such issue in the case and failed to introduce any evidence although after receiving the Commissioner's brief, he asked leave, if necessary, to reopen the record in order to introduce proof that no part of the expenses in controversy were compensated for by insurance or otherwise. No question of compensation for the expenses of the Florida trip is properly in issue, Wentworth Manufacturing Co., 6 T.C. 1201, 1208, Warner G. Baird, 42 B.T.A. 970, 975, cf. Vincent C. Campbell, 11 T.C. 510, and whoever is responsible for making the argument on that ground in the respondent's brief has no reason to be proud on that account. Decision will be entered for the petitioner. *66