HADWEN C. FULLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HADWEN C. FULLER AND EDITH R. FULLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34450, 34451. Promulgated December 30, 1953.

*Caleb Candee Brown, Jr., Esq.*, for the petitioners.
*William G. O'Neill, Esq.*, for the respondent.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

### OPINION.

BRUCE, *Judge:* Petitioner contends that the $15,000 unpaid balance on loans to Parish Foods and the $18,500 unpaid balance on loans to Fuller Foods which became worthless in 1947 and 1948, respectively, were business bad debts deductible in full under section 23 (k) (1), Internal Revenue Code. In opposition to the position taken by the petitioner, the respondent has determined that the loans are deductible only under section 23 (k) (4) as nonbusiness bad debts to be treated for tax purposes as short-term capital losses.

Section 23 (k) (1) authorizes the deduction from gross income of "Debts which become worthless within the taxable year" except with respect to a "non-business debt" as defined in paragraph (4). Section 23 (k) (4) provides:

(4) NON-BUSINESS DEBTS.—In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt" means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.

In connection with the definition of a nonbusiness debt, H. Rept. No. 2333, 77th Cong., 2d Sess., p. 76 (1942–2 C. B. 431) states:

The question whether a debt is one, the loss from the worthlessness of which is incurred in the taxpayer's trade or business, is a question of fact in each particular case, and the determination is substantially the same as that which is made for the purpose of ascertaining whether a loss from the type of transaction covered by section 23(e) is "incurred in trade or business" under paragraph (1) of that section. The character of the debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined rather by the relation which the loss resulting from the debt's becoming worthless bears to the trade or business of the taxpayer. If that relation is a proximate one in the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a nonbusiness debt for the purposes of this amendment.

See also section 29.23 (k)–6 of Regulations 111.

Thus the merits of the respective contentions of the parties herein turn solely upon whether or not the petitioner was engaged in a trade or business of his own in 1947 and 1948 to which the debts in question were proximately related. *Charles G. Berwind*, 20 T. C. 808 (on appeal C. A. 3); *Jan G. J. Boissevain*, 17 T. C. 325; *Robert Cluett, 3rd*, 8 T. C. 1178. If the debts were not proximately related to petitioner's trade or business at the time they became worthless, they were deductible only as nonbusiness bad debts under section 23 (k) (4).

Petitioner has advanced alternative theories as to the trade or business in which he was engaged in 1947 and 1948 to which the debts in question were proximately related. First he contends that he was in the business of promoting, financing, and managing various business enterprises. He asserts that his activities bring him within the authority contained in *Vincent C. Campbell*, 11 T. C. 510; *Henry E. Sage*, 15 T. C. 299; and *Weldon D. Smith*, 17 T. C. 135.[1]

But, as this Court pointed out in *Charles G. Berwind, supra:*

The authority contained in such cases as *Weldon D. Smith*, 17 T. C. 135, revd. 203 F. 2d 310, *Henry E. Sage*, 15 T. C. 299, and *Vincent C. Campbell*, 11 T. C. 510, is applicable only to the exceptional situations where the taxpayer's activities in promoting, financing, managing, and making loans to a number of corporations have been regarded as so extensive as to constitute a business separate and distinct from the business carried on by the corporations themselves. * * *

Over a 30-year period petitioner has promoted, financed, and managed several corporations and has been interested in and has advanced capital to several other business enterprises. But this business activity on the part of the petitioner was spread over the years, most of it taking place long prior to 1947. Petitioner has not shown that his activities in promoting, financing, managing, and making loans to corporations

---

[1] Revd. (C A. 2), 203 F. 2d 310, certiorari denied 346 U. S. 816.

or business enterprises were sufficiently extensive in and around 1947 and 1948 to constitute a trade or business in and of itself. On his tax returns, filed as exhibits herein, he listed himself as being president of Parish Oil Co., Inc., and a Member of Congress.

Alternatively, petitioner contends that he was in the business of being a distributor of frozen foods and low temperature storage equipment under a distributor franchise agreement with United. The evidence discloses, however, that the actual operations of the distributorship were conducted solely by Parish Foods, a corporation. It is to be noted that the franchise under which the distributorship was conducted after December 1946 designated "Parish Frozen Foods, Inc." as the distributor. Parish Foods made all purchases, sales, and distributions, kept all records, and made all reports in connection with the business. Subsequent to the incorporation of Parish Foods on July 9, 1946, petitioner's time and effort in connection with the business were, for the most part, devoted to fulfilling his duties as a director and the vice president of the corporation.

The Supreme Court made it clear in *Burnet* v. *Clark*, 287 U. S. 410, that the business of a corporation is not the business of its stockholders and officers. Therefore, petitioner cannot appropriate unto himself the business of Parish Foods. Cf. *Omaha National Bank* v. *Commissioner*, (C. A. 8) 183 F. 2d 899; *Charles G. Berwind, supra.*

Petitioner contends, however, that he was conducting a trade or business separate and apart from that of the corporation in that he did not assign to Parish Foods, but retained for himself, the right to participate in the net profits of United. This contention is based upon petitioner's testimony that it was orally understood with United that he would receive personally the distributor's share of the net profits of United. Essentially this distributor's right of participation consisted of a rebate to be paid by United of 40 per cent of its net profits on purchases made by the distributor. Whether or not United would have paid such participating dividends to petitioner personally we are unable to say, since United made no profits and hence made no such distribution. To have done so, however, without concurrence or authorization on the part of Parish Foods (which the record herein does not disclose) would certainly appear to be contrary to the express provisions of the franchise agreement which was executed in December 1946.

Even if we assume, for the purpose of this contention of petitioner, that there was an understanding, authorized or concurred in by Parish Foods, allowing petitioner to receive personally the participating dividends of United, it does not convert the loans into business debts. Although this right of participation would represent a possible source of income to petitioner, it would not constitute a trade or business.

A trade or business requires the expenditure of a substantial amount of time and effort, and usually entails keeping books and maintaining an office. *A. Kingsley Ferguson*, 16 T. C. 1248, *Otis A. Kittle*, 21 T. C. 79. Petitioner did not keep books or maintain an office in connection with the business. These functions were performed by Parish Foods. During 1947 and 1948, when the debts in question became worthless, petitioner devoted nearly all of his time and effort to his duties as a Member of the Congress of the United States and as president of the Parish Oil Company. Little time remained for the distributorship, and this was expended in fulfilling his duties as director and vice president of Parish Foods, not in promoting and exploiting a tentative right to a rebate on purchases made by the corporation. The distributorship was the business of the corporation. By merely retaining the right to receive directly a portion of the income from the distributorship, petitioner would not be engaging in a trade or business of his own.

Petitioner's loans to Fuller Foods, like the loans to Parish Foods, were a part of an isolated transaction by a passive investor. When the loans became worthless in 1947 and 1948, petitioner was not regularly or continuously expending an appreciable amount of time, money, and effort in a trade or business of his own to which the loans or debts were proximately related. Cf. *A. Kingsley Ferguson, supra; Harold Kushel*, 15 T. C. 958; *Miller* v. *Commissioner*, (C. A. 9) 102 F. 2d 476. Therefore, we must sustain the determination of the respondent that the petitioners are entitled only to deductions for nonbusiness bad debts under section 23 (k) (4) of the Code.

*Decisions will be entered for the respondent.*