C. A. Ripley and Kathryn T. Ripley, Husband and Wife, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 52796. Filed September 28, 1956.

*Maxwell M. Mahany, Esq.*, and *Karl K. Kendall, Esq.*, for the petitioners.

*Frank C. Allen, Esq.*, for the respondent.

**OPINION.**

JOHNSON, *Judge:* Section 23 (e) (1) allows an individual a deduction for a loss sustained during the taxable year and not compensated for by insurance or otherwise if incurred in a trade or business. The petitioner claims the right to deduct for 1949 a loss of $87,348.68 incurred by him in that year under the contract which he had with the corporation. It is not disputed that the contract was entered into at arm's length and it is not claimed that it was prompted by any tax avoidance scheme. The contract provided that he was to carry on the operations of the business of the corporation for a 12-month period ended September 30, 1949. That contract was entered into shortly before the beginning of that period of 12 months. The contract provided that he was to have for his own any profits which resulted from the operation of the business of the corporation during that period, but if those operations resulted in a loss he was to sustain the loss. He carried out the terms of the contract, and the operation of the business of the corporation by him for that fiscal period resulted in a loss of $87,348.68. The petitioner used an accrual method of accounting and reporting for income purposes. He actually paid during that fiscal period, on behalf of the corporation, a part of the loss from the operation of the business of the corporation, and at the end of the period the remaining portion of that loss was shown on the books of the corporation as an account receivable due from the petitioner. Thus, he actually sustained the loss.

The petitioner operated a trade or business within the meaning of section 23 (e) (1) during the 12 months ended September 30, 1949. His business was different from the business of the corporation. His business during those 12 months was to carry out the terms of the con-

tract which required him to furnish personal services in carrying on the business of the corporation. *Deputy* v. *Du Pont*, 308 U. S. 488; *Hadwen C. Fuller*, 21 T. C. 407. The items of income and expense for that period from the operation of the business of the corporation such as gross sales, cost of goods sold, wages, officers' salaries, and like items, were those of the corporation and not of the petitioner because such separate items would not represent income or expense of his business. Cf. *Allan Bond*, 14 T. C. 478. However, he could have had separate expenses of his business such as salary of an assistant, legal or other advisory expenses, etc, pertaining to his operations under the contract as opposed to the operations of the business of the corporation. The computation of the net income or loss of the operation of the business of the corporation measured the income or loss of the petitioner from the conduct of his own business (performance of the required services under the contract). That computation showed the loss in question. The petitioner reported his salary from the corporation and claims the loss. He is entitled to it under section 23 (e) (1).

The petitioner claims the right to a net operating loss deduction for 1948 under sections 23 (s) and 122 based upon the $87,348.68 loss allowed for 1949. Those provisions allow a carryback under a situation like the present one. The parties do not indicate any differences in computing it, once the amount of the 1949 loss is determined.

Although the additions to tax were put in issue by pleadings, the questions are not mentioned by petitioner on brief as questions before us for consideration. They may, of course, become moot but, if not, it may be assumed that the issues have been abandoned. If the questions were regarded as still being before us, we would be compelled to sustain the determinations, if there are deficiencies, since no evidence was offered by petitioner to show error.

*Decision will be entered under Rule 50.*