AUBREY S. NASH AND KATHLEEN A. NASH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63158. Filed December 19, 1958.

*Sidney Gelfand*, for the petitioners.
*Henry L. Glenn, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* The respondent determined that the debt of Hentz
Greenhouses, on which, by reason of its worthlessness, the 1954 loss

was sustained by petitioner, was a nonbusiness debt within the meaning of the statute, not a business debt, and the loss should therefore be treated as a short-term capital loss.

Subsection 166 (a) of the Internal Revenue Code of 1954 [1] provides that debts becoming worthless within the taxable year shall be allowed as a deduction. Subsection 166 (d) [2] provides a special treatment for losses from nonbusiness bad debts, in that they are treated as short-term capital losses. A nonbusiness bad debt is defined as a debt other than (1) a debt created or acquired in connection with a taxpayer's trade or business; [3] or (2), a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.

Prior law defined a nonbusiness bad debt as a debt other than a debt the loss from the worthlessness of which was incurred in a taxpayer's trade or business, or a debt evidenced by a security.

The change effected by the 1954 Code is explained in the Senate Finance Committee Report, [4] as follows:

> If a debt at the time it becomes worthless is not directly related to the taxpayer's trade or business, under present law it is treated as a nonbusiness bad debt. This rule is applied even though the debt was related to the taxpayer's trade or business at the time it was created. For example, a taxpayer is not permitted to treat as a business bad debt which is fully deductible, an account receivable which proves uncollectible after the taxpayer has gone out of business.
>
> The bill eliminates this harsh treatment by permitting the taxpayer to deduct as a business bad debt an obligation which becomes worthless, whether or not it is directly related to the trade or business at that time, if it was a bona fide business asset at the time it was created or acquired.

To be deductible under section 23 (k) (1) of the Internal Revenue Code of 1939 as a business bad debt, the debt must have been prox-

---

[1] SEC. 166. BAD DEBTS.

   (a) GENERAL RULE.—

      (1) WHOLLY WORTHLESS DEBTS.—There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

      (2) PARTIALLY WORTHLESS DEBTS.—When satisfied that a debt is recoverable only in part, the Secretary or his delegate may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

[2] SEC. 166 (d). NONBUSINESS DEBTS.—

      (1) GENERAL RULE.—In the case of a taxpayer other than a corporation—

         (A) subsections (a) and (c) shall not apply to any nonbusiness debt; and

         (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months.

      (2) NONBUSINESS DEBT DEFINED.—For purposes of paragraph (1), the term "nonbusiness debt" means a debt other than—

         (A) a debt created or acquired (as the case may be) in connection with a taxpayer's trade or business; or

         (B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.

[3] The Technical Amendments Act of 1958 changed the wording here to read "a trade or business of the taxpayer." The change was effected to make "it clear that a business bad debt deduction cannot be claimed for a debt which was not originally created or acquired in connection with a trade or business of the taxpayer claiming the deduction." H. Rept. No. 775, 85th Cong., 1st Sess., p. 9.

[4] S. Rept. No. 1622, 83d Cong., 2d Sess., p. 24.

imately related to the taxpayer's trade or business. *Dominick J. Salomone*, 27 T. C. 663; *Hadwen C. Fuller*, 21 T. C. 407; and *Jan G. J. Boissevain*, 17 T. C. 325.

Petitioner implies that the use, in the test of deductible bad debts added by the 1954 Code, of the phrase "in connection with a tax-payer's trade or business" evinces an intent upon the part of Congress to provide a test of the required relationship between the debt and the taxpayer's trade or business less strict than the "proximate relation-ship" required by prior law.

With this we are unable to agree. We are convinced that no such change of the prior law was intended. It is apparent to this Court that the sole purpose of the change effected by the 1954 Code was to provide that debts which were proximately related to the taxpayer's trade or business when created or acquired remained business bad debts, even though at the time they became worthless they were not proximately related to any trade or business then carried on by the taxpayer. We are convinced that the phrase "in connection with" was used as a phrase synonymous with the test of prior law. We therefore hold that under section 166 of the Internal Revenue Code of 1954, a bad debt to be deductible as a business bad debt must have been proximately related to the taxpayer's trade or business when created or acquired, even if it was not so related when it later became worthless.

Petitioner, citing *Overly* v. *Commissioner*, 243 F. 2d 576 (dealing with deductions for net operating losses); *Hill* v. *Commissioner*, 181 F. 2d 906; *Commissioner* v. *People's-Pittsburgh Trust Co.*, 60 F. 2d 187 (dealing with deductions for business expenses); and *Anders I. Lagreide*, 23 T. C. 508, apparently contends that the debt or the loss from its worthlessness was proximately related to his trade or business of being a salaried employee of his solely owned corporations.

Assuming, but not deciding, that for purposes of section 166, peti-tioner was in the trade or business of being an officer of his wholly owned corporations, the lending of money by a corporate officer or employee to his corporate employer is not proximately related to such a trade or business.

Petitioner also cites and relies upon *Estate of Lawrence M. Weil*, 29 T. C. 366; *J. T. Dorminey*, 26 T. C. 940; *Stuart Bart*, 21 T. C. 880; and *Robert Cluett, 3rd*, 8 T. C. 1178, in support of his position that his "loans to Hentz Greenhouses, Inc., were 'incidental to and proximately related to' his flower business." The facts clearly show that petitioner was not individually in the trade or business of being a flower mer-chant, and all his activity in this field was conducted in his capacity as sole shareholder and president of his various corporations. The trade or business of a corporation is not the trade or business of its officers or shareholders. *Burnet* v. *Clark*, 287 U. S. 410; *Dalton* v. *Bowers*, 287 U. S. 404; *George F. Arata*, 31 T. C. 347; *Dominick J. Salomone*,

*supra;* and *Jan G. J. Boissevain, supra.* It thus appears that the cases cited and relied on involve factual situations different from the one here in issue, and are not controlling.

Petitioner makes no claim that he was in the business of lending money to corporations. His activities in promoting, managing, and financing the four corporations engaged in the production or distribution of flowers are not so extensive as to qualify as the exceptional situation of being in the trade or business of promoting, managing, and financing corporations. *Charles G. Berwind,* 20 T. C. 808. Cf. *Vincent C. Campbell,* 11 T. C. 510.

The respondent's determination that the debt of Hentz Greenhouses was a nonbusiness debt within the meaning of the statute is accordingly sustained.

On brief, and for the first time, respondent seeks to put in issue the question whether the debt herein became worthless in 1954. He made no such determination in his determination of deficiency, but to the contrary, allowed deduction of the indebtedness as a nonbusiness bad debt. The respondent's contention made on brief and for the first time accordingly has no standing in this case.

*Decision will be entered for the respondent.*