R. A. Ziegenhorn and Zona Ziegenhorn v. Commissioner.
Ziegenhorn v. Commissioner
Docket No. 63671.
United States Tax Court
T.C. Memo 1960-66; 1960 Tax Ct. Memo LEXIS 229; 19 T.C.M. (CCH) 344; T.C.M. (RIA) 60066; March 31, 1960
*229 Held: On the evidence presented, petitioners have not established that the bad debt loss involved was incurred in a trade or business in which petitioners were engaged in the year 1952. Section 23(k)(4), I.R.C. 1939. D. D. Panich, Esq., Boyle Building, Little Rock, Ark., and Edward S. Maddox, Esq., for the petitioners. Harold Friedman, Esq., and John P. Higgins, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency in income tax of petitioners in the amount of $4,528.93 for the calendar year 1952. The only issue is whether a $28,650 debt owed petitioner R. A. Ziegenhorn by Kansas City-Springfield, Inc., which debt became worthless in 1952, was a business or nonbusiness debt within the meaning of section 23(k), Internal Revenue Code of 1939. Findings of Fact Some of the facts were stipulated and such stipulation, together with the exhibits attached thereto, is incorporated herein by reference. Petitioners are husband and wife and their principal place of residence is Fisher, Arkansas. Zona is a party herein solely by reason of having filed a joint return with her husband. Except as *230 otherwise indicated, the term "petitioner" will have reference to the petitioner R. A. Ziegenhorn. Petitioners filed their joint income tax return for the year 1952 with the district director of internal revenue Little Rock, Arkansas, on January 31, 1953. In their return, petitioners claimed as a business loss an item designated: Business Loss - Kansas City-Springfield, Inc., $28,650.00. The respondent disallowed this loss as a business loss and determined that it was a nonbusiness loss. The issue herein arises from this action of the respondent. Kansas City-Springfield, Inc., was organized in December 1945 for the purpose of engaging in the trucking business. One of the major promoters of the corporation was Forrest Ziegenhorn, a brother of R. A. Ziegenhorn. After the organization of the corporation, Forrest Ziegenhorn was in charge of its operations. The original paid-in capital of the corporation amounted to $6,000. The number of shares of capital stock authorized and issued, or the par value thereof is not shown. Petitioner acquired 20 shares of stock in the corporation on January 3, 1946, at a cost of $2,000. He acquired 60 additional shares in 1947 and 7 1/2 shares in 1948. *231 As shown by his return for the year 1950, petitioner's total investment in stock of the corporation was $8,375.00. From time to time, commencing on or about December 17, 1947, petitioner made loans to Kansas City-Springfield, Inc., on unsecured notes and by January 27, 1949, [1] these loans totaled $23,000. After January 27, 1949, petitioner loaned additional amounts totaling $5,650 to the corporation on open account advances. Subsequent to the making of these loans, an involuntary petition in bankruptcy was filed against Kansas City-Springfield, Inc., and in May 1950, it was adjudged a bankrupt. Petitioner filed a proof of claim with the referee in bankruptcy in the amount of $28,650. During the calendar year 1952, the bankruptcy proceedings were closed and no part of petitioner's unsecured claim of $28,650 was paid. It is the total of these loans which petitioner maintains was a business loss in 1952. *232 Petitioner's primary occupation since 1912 has been that of farming. In addition to farming he has also engaged in the drying, cleaning and storage of rice, and in the operation of a "seed house." For a number of years, both preceding and including the years involved, petitioner has carried on such businesses, including farming, in partnership with his son, Ralph (R. H.) Ziegenhorn. The joint returns filed by petitioner and his wife indicate Zona owned a separate farm of her own, at least during the years 1948 and 1949. Since about 1940, petitioner has had excess funds, a part of which has apparently been used in making loans or advances to relatives, tenants, and business associates, or invested in various business enterprises with others. In their joint income tax returns for 1948, 1949, 1950, 1951, and 1952, petitioners reported interest income as follows: Year
Income to
Received from
Amount
1948
R. A. Ziegenhorn
Unidentified
$ 932.00
1948
R. A. Ziegenhorn & R. H. Ziegenhorn
Unidentified
350.00
(partnership)
1949
R. A. Ziegenhorn
Unidentified
585.00
1949
Zona Ziegenhorn
Unidentified
20.00
1949
R. A. Ziegenhorn & R. H. Ziegenhorn
Unidentified
366.00
(partnership)
Note:
In their 1949 return, R. A. Ziegenhorn claimed a business loss in the amount of
$3,826.89. This loss arose from an investment in 1946 of $10,000 by R. A.
Ziegenhorn in Beck Market, a grocery and meat market in Warrensburg,
Missouri. In 1949, Beck became insolvent and $6,173.11 was realized upon the
sale and distribution of the assets.
1950
R. A. Ziegenhorn & Zona Ziegenhorn *
E. E. Ziegenhorn
72.00
1950
R. A. Ziegenhorn & Zona Ziegenhorn *
Hassell Prestdage [sic]
494.50
1950
R. A. Ziegenhorn & Zona Ziegenhorn *
Bank of Weiner
20.00
1950
R. A. Ziegenhorn & R. H. Ziegenhorn
B. N. Brunson
300.00
(partnership)
Independence, Missouri
1951
R. A. Ziegenhorn & Zona Ziegenhorn *
E. E. Ziegenhorn
72.00
1951
R. A. Ziegenhorn & R. H. Ziegenhorn
Brunson Instrument Co.
300.00
(partnership)
Kansas City, Missouri
1952
R. A. Ziegenhorn & Zona Ziegenhorn *
E. E. Ziegenhorn
72.00
1952
R. A. Ziegenhorn & Zona Ziegenhorn *
Barnash
192.00
1952
R. A. Ziegenhorn & Zona Ziegenhorn *
Bank of Weiner
119.35
1952
R. A. Ziegenhorn & Zona Ziegenhorn *
H. Prestidge
1,172.93
1952
R. A. Ziegenhorn & Zona Ziegenhorn *
Kansas City-Springfield
291.53
1952
R. A. Ziegenhorn & Zona Ziegenhorn *
Brunson Instrument Co.
300.00
1952
R. A. Ziegenhorn & R. H. Ziegenhorn
Unidentified
125.55
(partnership)
*233 E. E. Ziegenhorn, whose name appears on petitioners' returns, is a brother of petitioner. B. N. Brunson, who was in the instrument supply business in Independence, Missouri, is a brother-in-law of petitioner. The interest from Hassell Prestidge represents interest received on a mortgage loan. Petitioner, in about 1947 or 1948, had loaned money on a farm mortgage to Harold Huntsman. Hassell Prestidge bought the farm from Harold Huntsman and paid off the Ziegenhorn mortgage. In about 1950, Hassell Prestidge borrowed approximately $4,400 from petitioner on a mortgage loan. Some time prior to 1945, petitioner furnished the capital for the operation of a service station and bulk oil business in partnership with Ned Darter. Petitioner kept no books or records of any kind in regard to any of his loans or investments. He had no records of the amount, security, interest rate or dates of his loans and investments or of the repayment of such loans. Petitioner was not, in the year 1952, engaged in the trade or business of making loans to individuals or to business enterprises. *234 The loss from the advances made by petitioner to Kansas City-Springfield, Inc. was not incurred in any trade or business in which the petitioners were engaged in 1952. Opinion The issue to be resolved is one of fact. Section 23(k) of the Internal Revenue Code of 1939 provides, in pertinent part: "SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
"(k) Bad Debts. - "(1) General Rule. - Debts which become worthless within the taxable year * * *. This paragraph shall not apply in the case of a taxpayer, other than a corporation, with respect to a non-business debt, as defined in paragraph (4) of this subsection. * * *
"(4) Non-Business Debts. - In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term 'non-business debt' means a debt * * * other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." In Dominick J. Salomone, 27 T.C. 663, *235 this Court stated: "Whether the debt is deductible as a business bad debt under section 23(k)(1) or as a nonbusiness bad debt under section 23(k)(4) depends upon whether the debt is one the loss from the worthlessness of which is or is not incurred in the taxpayer's trade or business. 'The question whether a debt is one the loss from the worthlessness of which is incurred in the taxpayer's trade or business is a question of fact in each particular case.' Sec. 39.23(k)-6, Regs. 118. * * *" Respondent's Regulations 118, section 39.23(k)-6(b), provides as follows: "The character of the debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined rather by the relation which the loss resulting from the debt's becoming worthless bears to the trade or business of the taxpayer. If that relation is a proximate one in the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a nonbusiness debt for the purposes of this section." The year of the loss is the year *236 in which must exist the proximate relation of the loss to the taxpayer's business in that year. John G. J. Boissevain, 17 T.C. 325; Dominick J. Salomone, supra. In this case, the year of the loss was the calendar year 1952. Petitioner was a stockholder in the corporation to which he loaned the money here involved. Generally speaking, a bad debt resulting from a loan to a corporation by its stockholders would not be considered a business bad debt because the loss therefrom would not be proximately related to a trade or business of the stockholder, Langdon L. Skarda, 27 T.C. 137, affd. 250 F. 2d 429, however, a worthless debt, resulting from a loan by a stockholder to his corporation, may qualify as a business bad debt if the stockholder was in reality engaged in the trade or business of promoting, organizing, managing, financing, and making loans to business enterprises. Langdon L. Skarda, supra; Henry E. Sage, 15 T.C. 299; Vincent C. Campbell, 11 T.C. 510. In order to find for the petitioner, it must appear from the evidence that he was, in 1952, engaged in the trade or business of promoting, *237 organizing, managing, financing and making loans to business enterprises. Careful consideration of all the evidence presented reveals it is wholly inadequate to establish that petitioner was engaged in the trade or business of making loans to business enterprises in 1952. The testimony of petitioner was vague and indefinite. In the absence of any records whatsover of the transactions recounted by petitioner in his testimony, we have searched the income tax returns of petitioners in the years 1948 through 1952. The results of the search which we have set forth in our findings are, at best, inconclusive. For example, the return of petitioners indicates that the interest received from Brunson Instrument Company in 1951 was income to the partnership of R. A. Ziegenhorn and R. H. Ziegenhorn. In 1952, the return indicates that interest received from Brunson Instrument Company, in the same amount as that received in 1951, was income to petitioners. In the years 1948 and 1949, the returns of petitioners do not identify the payor of the interest reported, and in both years, interest income is assigned to petitioners individually and to the partnership of R. A. Ziegenhorn and R. H. Ziegenhorn. *238 The petitioners have not established that they were in the trade or business of lending money in the year 1952. The determination of respondent is sustained. Decision will be entered for the respondent. Footnotes
1. The stipulation recites this date as 1947 rather than 1949. The first of the loans was made in December 1947, subsequent to January 1947. The petition alleges the date is 1949. On brief, respondent refers to this and states the date should be 1949. Petitioner does not controvert this in his reply brief filed subsequently. We have found the proper date to be 1949.↩
*. For lack of definite information, Zona's name is included by reason of the fact that the returns were joint.↩