## BERWIND

v.

## COMMISSIONER OF INTERNAL REVENUE.

### No. 11201.

United States Court of Appeals, Third Circuit.

Argued March 2, 1954.

Decided March 16, 1954.

Chester C. Hilinski, Philadelphia, Pa. (George Craven, George J. Hauptfuhrer, Jr., Philadelphia, Pa., on the brief), for petitioner.

Walter Akerman, Jr., Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

Petitioner, a director, depositor and shareholder in a trust company, loaned money to that company along with other "contracting stockholders" for the purpose of remedying an impairment to its capital. The loan became worthless in 1946. The trust company was affiliated with The Berwind-White Coal Mining Company. Petitioner was an officer and director in the latter corporation and in its other affiliated and subsidiary companies.

He claimed a deduction in 1946 for the worthless debt as a loan incurred in his trade or business of being an officer and director in Berwind-White, its subsidiaries and affiliates, under Section 23 (e)(1) of the Internal Revenue Code, 26 U.S.C.A. § 23(e)(1), or as a business bad debt under Section 23(k)(1) or as a loss resulting from a transaction entered into for profit under Section 23 (e)(2).

We agree with the Tax Court that the transaction tax wise merely created a non-business creditor debtor relationship between petitioner and the trust company; that the resultant loss can only be deducted as a non-business bad debt under Section 23(k)(4) of the Code and treated for tax purposes as a short term capital loss. Section 23(k)(1) covering business bad debts does not apply because petitioner as director or officer in the Berwind companies was an employee of those companies and cannot, as the Tax Court held, "* * * appropriate unto himself the business of the various corporations for which he works."

The decision of the Tax Court will be affirmed.