John M. **HICKERSON**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 112, Docket 23641.

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1955.

Decided Jan. 11, 1956.

---

FRANK, Circuit Judge.

■ The basic question is whether the bad debts here involved are business or non-business bad debts, as defined in Section 23(k) (4). Under the definition in that subsection, a " 'non-business debt' " is a debt other than one "evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." The loans were not evidenced by a security as defined in paragraph (3). Whether the loss from a worthless debt is incurred in the taxpayer's trade or business depends on "the relation which the loss * * * bears to the trade or business of the taxpayer. If that relation is a proximate one in the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a non-business debt for the purpose of this section." Treas. Reg. 111, Section 29.23(k) (6). We think this a valid regulation.

The facts here are similar to those in Commissioner of Internal Revenue v. Smith, 2 Cir., 203 F.2d 310, 311. There, the taxpayer, a stockholder and officer of several corporations, invested in a corporation engaged in dairy farming. He served as treasurer and manager of the farm and participated to some extent in the activities of the farm corporation. He made substantial loans to that corporation which were never repaid because the corporation became insolvent and made a general assignment of its assets for the benefit of its creditors. The taxpayer sought to deduct the worthless debts as business bad debts but they were disallowed by the Commissioner. This court held that, since the taxpayer was admittedly not in the business of lending money, the bad debts were not incurred in the taxpayer's "trade or business" and therefore they were "non-business debts."

■ Here, too, the taxpayer admits that he was not in the business of lending money. He contends, however, that he was engaged in a trade or business in which he sustained a loss from worthless

Peter W. Quinn, New York City, for petitioner (Eugene C. Wohlhorn, Bellaire, N. Y., of counsel).

H. Brian Holland, Ellis N. Slack and L. W. Post, Washington, D. C., for respondent.

Before SWAN, FRANK and LUMBARD, Circuit Judges.

debts. He asserts that his investment in, and his participation in the management of, various newspapers constituted the trade or business of operating and developing "newspapers from defunct organizations to successful ones." He contends that this was a trade or business, separate and distinct from that of Pioneer, and that the losses from bad debts were proximately related thereto.

If we assume that the taxpayer was engaged merely in the "trade or business" of a stockholder actively participating in the management of the corporations of which he is an officer, we think that the loans were not incidental to this "trade or business." In effect, we so held in Commissioner of Internal Revenue v. Smith, supra.

The cases cited by taxpayer which hold that active participation in the management of a corporation by a stockholder can constitute a trade or business are not conclusive, since none holds that a loan made by a stockholder-officer to his corporation was made pursuant to the taxpayer's "trade or business." Commissioner of Internal Revenue v. Stokes' Estate, 3 Cir., 200 F.2d 637, 638, and Maloney v. Spencer, 9 Cir., 172 F.2d 638, also cited by taxpayer, are inapposite since the trade or business involved in each of those cases was other than merely that of a stockholder and officer of the corporation to which loans were made. In Stokes, the court held that the taxpayer was engaged in the business of the development and promotion of patents. In Maloney v. Spencer, supra, the taxpayer was found to be in the business of leasing food-processing plants.

However, the taxpayer here not only contends that he is in the business of serving as a stockholder-officer actively engaged in the corporation's work; he goes further and says that he is in the business of investing in and developing defunct newspapers to improve their operation and make them profitable. Other courts have held that such activity can constitute a "trade or business." In Vincent C. Campbell, 11 T.C. 510, the

Tax Court held that the taxpayers were engaged in "the business of organizing and operating corporations engaged in the retail coal business * * *" and that worthless loans made to one of the twelve corporations which the taxpayer organized and operated constituted business bad debts. In a similar case, Giblin v. Commissioner, 227 F.2d 692, 696, the Fifth Circuit held that the taxpayer was "engaged in the business of seeking out business opportunities, promoting, organizing and financing them, contributing to them substantially 50% of his time and energy and then disposing of them at either a profit or loss * * *." The facts showed that, between 1926 and 1945, Giblin had, "on eleven or twelve occasions * * * contributed his time, talent and energy to the exploitations of an idea to make money apart from his practice of law."

Even were we to accept the rationale of the Campbell and Giblin cases, we think it inapplicable here. The Tax Court properly held that taxpayer was not engaged in the separate trade or business of developing defunct newspapers. In its opinion, the Tax Court said, "As we pointed out in Charles G. Berwind (20 T.C. 808, affirmed 2 Cir., 211 F.2d 575), the authority contained in the Campbell and similar cases is applicable only where the taxpayer's activities in promoting, financing, managing and making loans to a number of corporations have been regarded as so extensive as to constitute a business separate and distinct from the business carried on by the corporation themselves." After discussing the taxpayer's activities with respect to the various newspapers, the Tax Court concluded that " * * * it is apparent that petitioner's activities with respect to Brownsville, Philadelphia and Pioneer lacked the extensiveness necessary to bring them within the Campbell case, where it was shown that from 1929 through 1944 the taxpayer had organized, operated and financed twelve corporations."

Since the losses from debts incurred by the taxpayer were not proximately re-

lated to a trade or business in which the taxpayer was engaged at the time they became worthless, the debts were non-business debts and are deductible only as short-term capital losses.

Affirmed.