OPINION. Arundell, Judge: Petitioners contend that the total amomit of the loans of $25,000 and guaranty payments of $1,000 is deductible [2] under section 23(b)(1) or, in the alternative, under section 23(e).[3] The respondent contends that the total loss of $26,000 is a “non-business debt” as that term is used in section 23 (k) (4) [3] and shall be considered as a loss from the sale or exchange of a capital asset held for not more than 6 months. As far as the $25,000 of loans is concerned, it is clear that since the loans established a debtor-creditor relationship, any deduction for the worthlessness thereof can be had only under section 28 (k) and not under section 23(e) for the reason that the two subsections (e) and (k) are mutually exclusive. Spring City Foundry Co. v. Commissioner, 292 U.S. 182 (1934). Whether the debt is deductible as a business bad debt under section 23 (k) (1) or as a nonbusiness bad debt under section 23 (k) (4) depends upon whether the debt is one the loss from the worthlessness of which is or is not incurred in the taxpayer’s trade or business. “The question whether a debt is one the loss from the worthlessness of which is incurred in the taxpayer’s trade or business is a question of fact in each particular case.” Sec. 39.23 (k)-6, Regs. 118. This section of the regulations [4] also provides in part as follows: (b) The character of the debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined rather by the relation which the loss resulting from the debt’s becoming worthless bears to the trade or business of the taxpayer. If that relation is a ‘proximate one in the conduct of the trade or business m which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a nonbusiness debt for the purposes of this section. [Emphasis supplied.] In Jan G. J. Boissevain, 17 T. C. 325, 329, we recognized as a statutory requirement “that the year of the loss is the year in which must exist the proximate relation of the loss to the taxpayer’s business in that year.” In the instant case the year of the loss is the year 1952. In that year petitioner was still engaged in his sole proprietorship business as a broker and wholesaler of food products. Petitioner has not shown, however, that the worthless debt had any relation to the sole proprietorship business. At one place in the record, petitioner testified that the D. J. Salomone Company, which was the name under which petitioner did business as a sole proprietor, was the agent for the Florida company. Although petitioner reported total gross receipts from this sole proprietorship business in 1952 of $31,644.79, he was not able, under intensive questioning by counsel for respondent, to show that any of these receipts had any relation to the Florida company. Other testimony given by petitioner was that the grapefruit he sold was sold by him as an employee of the Florida company. The business of that company is not petitioner’s business. Dalton v. Bowers, 287 U. S. 404; Burnet v. Clark, 287 U. S. 410; Commissioner v. Smith, (C. A. 2, 1953) 203 F. 2d 310, reversing Weldon D. Smith, 17 T. C. 135; Jan C. J. Boissevain, supra; Estate of William P. Palmer, Jr., 17 T. C. 702; Langdon L. Skarda, 27 T. C. 137. We have, therefore, found as an ultimate fact that the loss resulting from petitioner’s loans to the Florida company had no proximate relation to petitioner’s sole proprietorship business. It is obvious, of course, that an individual may have more than one trade or business at the same time. In Langdon L. Skarda, supra, we said: A worthless debt, resulting from a loan by a stockholder to his corporation, may qualify as a business bad debt if the stockholder was in reality engaged in the trade or business of promoting, organizing, managing, financing, and making loans to business enterprises. Henry E. Sage, 16 T. C. 299; Vincent C. Campbell, 11 T. C. 610. In such a case the taxpayer, though a stockholder in the corporation to which he loaned money, is also in the business of being a “promoter” of business enterprises, and the loss resulting from the bad debt would be proximately related to that business. Petitioner relies heavily upon these so-called promoter cases and especially the case of Giblin v. Commissioner, (C. A. 5, 1955) 227 F. 2d 692, reversing a Memorandum Opinion of this Court. In Charles G. Berwind, 20 T. C. 808, affirmed per curiam (C. A. 3, 1954) 211 F. 2d 575, we determined that the authority contained in such promoter cases as referred to above “is applicable only to the exceptional situations where the taxpayer’s activities in promoting, financing, managing, and making loans to a number of corporations have been regarded as so extensive as to constitute a business separate and distinct from the business carried on by the corporations themselves.” In 1952, the year in which must exist a “trade or business” and a “proximate relationship” of the bad debts to such business, the record shows that in addition to his sole proprietorship business, petitioner with another person organized the Charlotte Harbor Farms, Inc., to which corporation petitioner loaned $5,000. In 1952, he also made a loan of $2,000 to the Jay Trading Company in connection with some codfish which he had sold to that company. He was also, in 1952, a stockholder, officer, and employee of each of the Eiverbank Wine Company and the Colorado Cheese Company. We do not think these activities are extensive enough to establish the existence of a separate business of promoting, organizing, financing, and managing businesses during 1952 and we have so found as an ultimate fact. On very similar facts the Court of Appeals for the Second Circuit, to which court an appeal would lie in this case, reached a like view to that at which we arrive. Commissioner v. Smith, supra; Hickerson v. Commissioner, (C. A. 2, 1956) 229 F. 2d 631, affirming a Memorandum Opinion of this Court. . We think that a comparison of the facts in Henry E. Sage, 15 T. C. 299, Vincent C. Campbell, 11 T. C. 510, and Giblin v. Commissioner, supra, and other cases relied upon by petitioner, with the facts in the instant case makes the cases relied on readily distinguishable. We, therefore, hold that the debt of $25,000 is deductible only as a nonbusiness bad debt under section 23 (k) (4). As far as the $1,000 of guaranty payments is concerned, it is now settled that they should receive the same treatment as we have given to the $25,000 of loans. See Putnam v. Commissioner, 352 U. S. 82 (1956), which affirmed Putnam v. Commissioner, (C. A. 8, 1955 ) 224 F. 2d 947, which in turn affirmed our Memorandum Findings of Fact and Opinion filed May 12, 1954. It thus becomes unnecessary to consider the issue relating to the net operating loss deduction. Decision will be entered for the respondent. Unless otherwise indicated, all references to section numbers used herein have reference to section numbers, of the Internal Revenue Code of 1939. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions : ******* (e) Losses by Individuals. — In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— (1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or ******* (k) Bad Debts.— (l) General rule. — Debts which become worthless within the taxable year; * * * This paragraph shall not apply in the case of a taxpayer, other than a corporation, with respect to a nonbusiness debt, as defined in paragraph (4) of this subsection. ******* (4) Non-business debts. — In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt” means a debt * * • other than a debt the loss from the worthlessness of which is incurred in the taxpayer’s trade or business. This section of Regulations 118 is the same as section 29.23 (k)-6 of Regulations 111 except for stylistic changes, revision of section numbers and references, and change of dates in the illustrations. Section 29.23 (k)-6 of Regulations 111 was derived from H. Rept. No. 2332, 77th Cong., 2d Sess., p. 76, 1942-2 C. B. 431, and in Hickerson v. Commissioner, 229 F. 2d 631, the Second Circuit referred to this part of Regulations 111 and said, “We think this is a valid regulation.”