## COMMISSIONER OF INTERNAL REVENUE v. STOKES' ESTATE et al.

### No. 10763.

United States Court of Appeals Third Circuit.

Argued Dec. 4, 1952.

Decided Jan. 7, 1953.

3. Southern Stevedoring Company v. Voris, Deputy Commissioner, 5 Cir., 190 F.2d 275.

Walter Akerman, Jr., Washington, D. C., (Ellis N. Slack, Acting Asst. Atty. Gen., on the brief), for petitioner.

Logan Morris, Philadelphia, Pa. (Thorpe Nesbit, Philadelphia, Pa., Nesbit, Morris & Lisenby, Philadelphia, Pa., on the brief), for respondents.

Before BIGGS, Chief Judge, and MARIS and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

■ The commissioner of Internal Revenue asks us to reverse a decision of the Tax Court holding that a debt owing to the petitioners' decedent by the Pullenlite Company which became worthless in 1947 was deductible by the petitioners, in computing their decedent's income tax liability for that year, as a debt incurred in the decedent's trade or business under Section 23(k) (1) of the Internal Revenue Code. 26 U.S.C. § 23(k) (1). The question whether the activities of a taxpayer constitute carrying on a trade or business is largely one of fact the solution of which "requires an examination of the facts in each case". Higgins v. Commissioner, 1941, 312 U.S. 212, 217, 61 S.Ct. 475, 478, 85 L.Ed. 783. In the case before us the Tax Court found that "The decedent was engaged individually in the business of exploiting patents either by organizing, financing, and actively participating in the

management of companies organized to acquire or operate under them or by transferring such patent rights to existing companies in which he was a stockholder and active in the management thereof." The circumstantial facts are set out in the memorandum opinion of the Tax Court and need not be repeated here. It is sufficient to say that they fully support the quoted finding. The Commissioner nonetheless urges that these activities by the decedent did not amount to a "trade or business" within the meaning of Section 23(k) (1) and (4). We do not agree with the Commissioner's contention.

■ It is true that the activities of an individual in investing and reinvesting his assets in corporate securities do not constitute a trade or business within the meaning of the Internal Revenue Code. Higgins v. Commissioner, 1941, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; White's Will v. Commissioner of Internal Revenue, 3 Cir., 1940, 119 F.2d 619. It is likewise true that activities of an individual as a stockholder, a director and officer of a corporation in conducting the business of the corporation do not amount to the carrying on of a personal trade or business by the taxpayer within the meaning of the Code. Dalton v. Bowers, 1932, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389; Burnet v. Clark, 1932, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397. An individual taxpayer ordinarily may not thus pierce the corporate veil for his own benefit, taxwise.

■ In the present case, however, the decedent was engaged in much more than merely investing his assets or merely managing corporations in which he was interested. He was, as the Tax Court found, "engaged individually in the business of exploiting patents". It is true that he exploited his patents through corporations in which he was active. But the evidence established that his activities in locating, developing and exploiting patents involved much more than the mere investment of funds in and management of corporations. It was quite clearly a personal activity in which a major portion of the decedent's lifetime thought and energy was enlisted

and in which he engaged continuously and regularly throughout his business career. In these respects this case differs from those relied on by the Commissioner and resembles Maloney v. Spencer, 9 Cir., 1949, 172 F.2d 638, 640; Vincent C. Campbell v. Commissioner, 1948, 11 T.C. 510, acq. 1949–1 C.B. 1; and Henry E. Sage v. Commissioner, 1950, 15 T.C. 299, acq. 1951–1 C.B. 3, in which cases activities in many respects similar to those here were held to be business activities. And see Robert Cluett, 3rd v. Commissioner, 1947, 8 T.C. 1178, acq. 1947–2 C.B. 2. We, therefore, cannot hold that the Tax Court erred in finding the decedent's activities to be business activities within the meaning of Section 23(k)(1) and (4) of the Code.

The decision of the Tax Court will be affirmed.