Robert C. WHEELER, Wesley L. Wheeler, Howard E. Wheeler and Eugene M. Wheeler, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 3–6, Dockets 23839–23842.

United States Court of Appeals Second Circuit.

Argued Jan. 23, 1957.

Decided Feb. 25, 1957.

McGuigan & Kilcullen, New York City (Richard Kilcullen, New York City, of counsel), for petitioners.

Charles K. Rice, Acting Asst. Atty. Gen. (Lee A. Jackson, Robert N. Anderson and L. W. Post, Attys., Dept. of Justice, Washington, D. C., of counsel on the brief), for respondent.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

This appeal raises two main issues: (1) Whether shareholders and shareholder-officers who advance money to the corporation, thereby creating bona fide debts, may obtain business bad debt deductions under § 23(k), Internal Revenue Code of 1939, when the corporation becomes unable to pay its debts; (2) whether a loss on the shareholders' guaranties of the corporation's debts to a third party is deductible as a loss under § 23(e) or only as a non-business bad debt under § 23(k) (4), Internal Revenue Code of 1939, and whether the loss was incurred in 1946. The Tax Court found for the Commissioner on all issues, T. C. Memo 1955–138, and we affirm.

Taxpayers Howard E. Wheeler and his three sons, have all been in the shipbuilding business as a family since 1919. Since that time they have been involved in many business enterprises—partnership and corporate—all centered on shipbuilding. The Wheelers have developed a reputation for their boats as a family product. In 1941, they organized Wheeler Shipbuilding Corp. to handle wartime contracts. The Wheelers owned all of the corporation's stock and the three sons were officers. After the war, in 1946, the family decided to continue the business and found it necessary to make advances to the corporation. They also individually guaranteed a good many of the corporation's loans to the bank, pledging their stock as collateral.

The business affairs of Wheeler Shipbuilding Corp. worsened, and in November 1946 the bank called its loan and notified all parties that it would take over the pledged stock. In December the corporation filed a petition for reorganization under Chapter XI of the Bankruptcy Act and in 1947 was adjudged bankrupt. On their 1946 returns taxpayers sought to take bad debt deductions for the advances and loss deductions for their guaranties to the bank. As to the guaranties they claim that the bank's taking their stock over in 1946 constituted the event necessary to establish the loss in that year.

1. The Advances

The Tax Court found that these debts, although they may have been related to some business interests of the taxpayers, were not incurred in the trade or business of the taxpayer in the special sense of § 23(k). This conclusion is amply supported by recent decisions in this circuit. Commissioner of Internal Revenue v. Schaefer, 2 Cir., 240 F.2d 381; Commissioner v. Smith, 2 Cir., 1953, 203 F.2d 310. The only instance where a shareholder or officer may deduct debts of his corporation to him as business bad debts under § 23(k) is where his business can be considered to be the promoting and financing of business enterprises. See, e. g., Henry E. Sage, 1950, 15 T.C. 299. Here it is clear that the taxpayers did not make the advances to further any independent promoting business of their own but merely to assist the corporation in its business of building ships.

2. The Guaranties

Taxpayers claim that they suffered losses because of the guaranties and that these should be treated as losses for the year 1946. Putnam v. Commissioner, 1956, 352 U.S. 82, 77 S.Ct. 175, 1 L.Ed.2d 144, holds that transactions like those before us must be considered non-business bad debts under § 23(k) (4), and may not be treated as losses under § 23(e). In any event, we cannot say that the Tax Court was clearly erroneous in holding that by merely taking over the stock in 1946 the bank took no action "sufficiently definitive to constitute a taxable event fixing petitioners' losses in that year." See Stranahan v. Commissioner, 6 Cir., 1930, 42 F.2d 729.

Affirmed.