PHIL L. HUDSON AND GERTRUDE HUDSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61391. Filed December 23, 1958.

*Ivan Irwin, Esq.,* and *Wentworth T. Durant, Esq.,* for the petitioners.

*S. B. Bradley, Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* Whether petitioner's advances to H & K represented genuine loans rather than risk capital is open to serious question. The need for his advances was largely attributable to H & K's severe lack of working capital. No notes or other evidences of indebtedness were issued in respect of these advances, and H & K, which kept its books on an accrual basis, did not accrue any interest in petitioner's favor in respect of these advances. It seems highly persuasive that the expectation of repayment was based only upon possible future earnings; and that petitioner was satisfied to let his money ride with the ups and downs of the venture, hoping that the clothespin business would become profitable and that he would some day reap the fruits of a successful investment. These circumstances strongly suggest that the advances were intended as risk capital rather than loans, notwithstanding that the advances were not made by all stockholders in proportion to their stock ownership. Cf. *Phil Kalech,* 23 T. C. 672; *Lewis Culley,* 29 T. C. 1076, 1088; cf. *Colony, Inc.,* 26 T. C. 30, 43, affirmed on another issue 244 F. 2d 75 (C. A. 6), reversed on another issue 357 U. S. 28.

However, it is not necessary to rest our decision solely on the conclusion that the advances reflected risk capital rather than loans, for we are satisfied, in any event, that they cannot qualify as "business" loans. It must be remembered that H & K was a corporation, and there is no contention that we should disregard its corporate entity. Certainly, it was in the clothespin business; but petitioner was not. A large and impressive number of decisions have made it altogether too plain that the business of the corporation may not be treated as the business of the stockholder. E. g., *Dalton* v. *Bowers,* 287 U. S. 404; *Burnet* v. *Clark,* 287 U. S. 410; *Deputy* v. *du Pont,* 308 U. S. 488, 493–494; *A. Kingsley Ferguson,* 16 T. C. 1248; *Estate of William P. Palmer,* 17 T. C. 702; *Jan G. J. Boissevain,* 17 T. C. 325; *Charles G. Berwind,* 20 T. C. 808, affirmed per curiam 211 F. 2d 575 (C. A. 3); *Edward Koppelman,* 27 T. C. 382; *Commissioner* v. *Smith,* 203 F. 2d 310 (C. A. 2); *Gulledge* v. *Commissioner,* 249 F. 2d 225, 227 (C. A. 4); *Samuel Towers,* 24 T. C. 199, affirmed 247 F. 2d 233 (C. A. 2), certiorari denied 355 U. S. 914; *Langdon L. Skarda,* 27 T. C. 137, 148, affirmed 250 F. 2d 429 (C. A. 10); *Pokress* v. *Commissioner,* 234 F. 2d 146 (C. A. 5); *Wheeler* v. *Commissioner,* 241 F. 2d 883 (C. A. 2); *Commissioner* v. *Schaefer,* 240 F. 2d 381 (C. A. 2); *Acker* v. *Commissioner,* 258 F. 2d 568 (C. A. 6): *Holtz* v. *Commissioner,* 256 F. 2d 865 (C. A. 9).

As the foregoing cases show, the mere fact that a person is a stockholder in a corporation and active or interested in its affairs is not sufficient to justify treating his advances to the corporation as "business" loans. Petitioner is apparently aware of the heavy burden that he must overcome in this connection, and seeks escape from the established rule by urging that he was in the lending business, or in the business of financing corporate enterprises. It is true that where there is a sufficient continuity of promotional activities the facts may warrant a determination that the taxpayer's business is that of promoter, lender, or financier, and the advances in question may therefore qualify as "business" debts. Such exceptional circumstances were thought to exist in *Henry E. Sage*, 15 T. C. 299; *Vincent C. Campbell*, 11 T. C. 510; and *Giblin* v. *Commissioner*, 227 F. 2d 692 (C. A. 5), relied upon by petitioner.

On the record before us, however, petitioner's entrepreneurial activities were too few and too infrequent to constitute a separate business. For some 30 years he was actively engaged in the school bus business, and most of his income was derived from that business. At times, he invested in or advanced money to other enterprises. The so-called Jones transactions were so closely related to his bus business that they would probably qualify as "business" loans for that reason (assuming that they could be classified as loans), and may therefore be excluded from consideration here. There remain the advances to Hyway Machinery Company, Army Camp Coaches, and Advance Manufacturing Company, in addition to the advances in controversy herein. In our judgment these were merely occasional advances made by an investor, and, even in conjunction with the Jones transactions, did not constitute the carrying on of a promotional, lending, or financing business. Petitioner himself testified that in every instance, except that of Hyway Machinery Company (which was really an offshoot of his bus business), the active management of the ventures was carried on by someone else, petitioner functioning mainly as a stockholder or lender. The present case is to be sharply distinguished from the *Sage*, *Campbell*, and *Giblin* cases. Petitioner herein was not "so extensively engaged in the business of promoting or financing business ventures as to elevate that activity to the status of a separate business." *Ferguson* v. *Commissioner*, 253 F. 2d 403, 406 (C. A. 4).

In view of the conclusions that we reach above, it becomes unnecessary to determine whether the debts, if any, became worthless in 1952.

*Decision will be entered for the respondent.*