Harold M. KOCH, Bessie Koch, William L. Koch, Rose Koch, Rebecca Koch Abel, Maurice P. Koch and Daisy Koch, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15645.

United States Court of Appeals Ninth Circuit.

Sept. 12, 1958.

Rehearing Denied Oct. 27, 1958.

Certiorari Denied Jan. 26, 1959.

See 79 S.Ct. 354.

Leon Schiller, San Francisco, Cal., Max Fink, Los Angeles, Cal., for appellants.

Charles K. Rice, Asst. Atty. Gen., Lloyd H. Burke, U. S. Atty., Marvin D. Morgenstein, Lynn J. Gillard, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before FEE, CHAMBERS and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

The members of the Koch family here involved are a copartnership entitled H. Koch & Sons, engaged in the business of the manufacture of luggage. On October 23, 1944, the partnership agreement was amended, and in addition thereto the partnership was permitted to engage in the business of financing motion pictures through direct participation by way of loans or investment in stock. This amendment was considered neces-

sary in order to eliminate provisions of the original agreement that the partners must devote all their time to the luggage business and could not remain away from that business for sixty days or more.

In April, 1946, a corporation, named "Beacon Pictures Corporation," was formed to engage in the production of motion pictures, but the partnership did not engage in the organization of such corporation.

H. Koch & Sons and the individuals filed income tax returns for the years 1945 and 1947. Thereafter, these returns were amended to claim a deductible loss for the year 1947 [1] and a net operating loss carry-back [2] for the year 1945, claimed to arise from an alleged loss of $90,-000.00 on loans made to Beacon Pictures, including an alleged loss of $15,000.00 to the same corporation, which Maurice Koch, one of the partners, and his wife claimed to be chargeable to them pursuant to the terms of the partnership agreement.

These claims for refund were denied on the ground that the loss was a nonbusiness bad debt. The Kochs thereupon brought this action pursuant to 28 U.S. C.A. § 1346(a) (1), and demanded jury trial, which was granted.

At the close of the evidence, the government moved for a directed verdict as to all the Kochs, and also moved to amend the answer to deny that Maurice P. Koch lost $15,000.00 in addition to the $75,000.00 lost by the partnership. The latter motion was denied. A verdict was directed against Maurice P. Koch and Daisy Koch for the $15,000.00 loss which they claimed in addition to a share of the $75,000.00 partnership loss. The jury then returned a special verdict as follows:

"During the year 1947, was H. Koch & Sons regularly engaged in the business of financing motion picture ventures? "Answer: No."

This question had been submitted to the jury by stipulation in lieu of a trial by jury of all issues. Thereafter, also under the stipulation, the trial judge entered findings of fact, including the special verdict and conclusions of law. Judgment entered on this basis.

The partnership, according to the evidence, did make the loans upon which the claim of business loss was based. A check was issued to David Sebastian on April 25, 1946, in the sum of $15,000.00, of which $5,000.00 was a loan to the partnership of Sebastian and Hersch for expenses in commencing production on a picture, while the balance was a loan to David Hersch and Sam Coslow to organize and launch Beacon Pictures Corporation above mentioned. Later Hersch and Sebastian were loaned $2,500.00 for the same purpose. Beacon Pictures executed and delivered to H. Koch & Sons notes for $80,000.00, in return for two checks aggregating that amount payable to the order of Sebastian. Thereafter, H. Koch & Sons loaned $20,000.00 additional to Beacon Pictures, but this sum was repaid. Beacon Pictures made a failure of the venture on this picture, and the other loans were never repaid to the Koch partnership.

Thereafter, H. Koch & Sons engaged in negotiations for various other loans for persons and corporations engaged in motion pictures, but for one reason or another none of these later transactions fructified into loans. Another corporation, Ambassador Productions, Inc., was formed. All shares of stock therein were issued to Maurice P. Koch. Rights to the book, "Hill of the Hawk," were purchased by the corporation, but no picture was produced therefrom. Later still another corporation was formed with Maurice P. Koch as president. In the interests of this last corporation, Producers Finance Corporation, Maurice P. Koch introduced Jack Chertok, representing Apex Film Corporation, to the officers of Pacific National Bank to secure a loan for Apex. Maurice was personally a creditor of

1. Pursuant to § 23(e) (1, 2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(e) (1, 2).

2. Pursuant to § 122(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 122(b) (1).

Apex, which had already been formed and had made preparations to produce films.

The record is replete with activities of Maurice P. Koch, consisting of telephone calls, conversations, discussions and airplane journeys.

■ It is the chief complaint of the Kochs that the trial court did not give the written contract of partnership conclusive effect. The agreement did provide that the partnership engage in the business of financing motion picture productions, and all funds and credits of the partnership were made available for this business. It was further provided that Maurice P. Koch was to manage this part of the business in his own name as the "agent of the said partnership and the agent of the individual partners." Notwithstanding this provision, it was a question of fact whether the partnership actually engaged in the business of financing motion picture ventures in 1947.[3] The triers of the fact found they were not. The jury, irrespective of the partnership agreement, had a right to view the activities of Maurice P. Koch to determine whether he was acting individually or as a representative of one or another of the corporations or for the partnership. The partnership agreement seems to contemplate loans and other activities of the individual partners. But, in the last analysis, the question was for the jury.

The Kochs attempt to consider this action piecemeal, whereas it is a consolidated whole. The court, on the basis of the evidence and stipulations, has made findings and conclusions which cover the entire case. The fact that one of the findings, and that the crucial one, is supported by a special verdict of a jury, surely does not weaken the finding of the court on the point. If the Koch partnership were not engaged in the business of

financing motion picture ventures during the year 1947, the matter is concluded. They cannot then recover in this case. The jury so found. The court so found. There was substantial evidence to support either or both findings. This is true whether $75,000.00 or $90,000.00 be involved.

It makes no difference in any essential whether the $15,000.00, upon which the court directed a verdict against Maurice P. Koch and his wife, belonged to them or to the partnership. If the money belonged to Maurice, he made no claim to be in the business of financing motion pictures personally, and, if he advanced it personally through the partnership, he cannot personally claim on a ground available to the partnership. On the other hand, if he claims through the partnership or the partnership claims the benefit of the $15,000.00 as well as the $75,000.00, still both these propositions are negatived by the finding of fact by the jury that the partnership was not in the business of financing motion pictures during the period. It is true there may have been a technical flaw, but no one of the plaintiffs was materially prejudiced. Technically, the jury considered only the key question with reference to $75,000.-00. But the finding would have been the same if the $90,000.00 had been before them. All the evidence was there.

■ In arriving at the verdict, however, the jury were entitled to a fair presentation and to correct instructions. But the points of which appellants complain are not well founded. It was not error for the court to instruct the jury that the activities of Maurice in using his own money, in his own behalf and not on behalf of H. Koch & Sons, could not be considered in determining the ultimate question. There was testimony that Maurice had engaged in activities on his own behalf and that upon at least one oc-

**3.** "To determine whether the activities of a taxpayer are 'carrying on a business' requires an examination of the facts in each case." Higgins v. Commissioner, 312 U.S. 212, 218, 61 S.Ct. 475, 85 L.Ed. 783; Maloney v. Spencer, 9 Cir., 172 F.

2d 638; Towers v. Commissioner, 2 Cir., 247 F.2d 233, certiorari denied 355 U.S. 914, 78 S.Ct. 343, 2 L.Ed.2d 274; Commissioner v. Stokes' Estate, 3 Cir., 200 F.2d 637.

casion loaned and again collected his own money. His testimony that he was always acting for and on behalf of the partnership need not have been given full credence by the jury.

■ Appellants complain that the court did not instruct the jury that they might consider that the partnership might have been engaged in the business of financing motion picture ventures even if all activities and efforts actually expended in attempting to negotiate for and enter into such financial transactions were futile. The court defined business, and said that isolated transactions do not constitute a trade or business. The instructions given were clear, and the court was not bound to give those requested. Where appellant had made only one isolated loan at the outside, we do not think the jury could conclude that a number of futile transactions and activities looking toward consummation of loans had any value in determining whether the partnership was engaged in the business of financing.

■ The question of the propriety of the conduct of counsel for the government in argument is raised. Suffice it to say, this is a matter almost exclusively in control of the trial court. The judge is normally acquainted with counsel, and has responsibility for the fairness of the trial. We do not say that, upon a flagrant violation of ethics or of due process, we would not intervene. But no such error was present here.

Appellants offered various documents which contained no reference to them, but related to Coslow and United Artists Corporation. Another series related to Ambassador Pictures Corporation, which was an independent corporation, and third persons. Maurice testified he directed or authorized the preparation of each. But the documents did not prove anything with regard to appellants. They were properly excluded.

There is sufficient substantial evidence to sustain the verdict of the jury and the findings of the court. It need not be further reviewed. The activities of corporations and of Maurice are not necessarily attributable to the partnership. The court instructed that the acts of employees, agents and other persons, firms and corporations are, in contemplation of law, the acts of taxpayers. The jury must have found that Maurice and the corporations were not agents, or that, taking all the activities together, these did not constitute the appellants as in the business of financing motion picture ventures. There was sufficient evidence to sustain the finding on either alternative. It may be that the jury took a common sense view and refused to recognize investment, management and other forms of financing as a trade or business.[4]

■ Appellants also object to an instruction on the ground that the presumption that the administrative determination that the partnership was not engaged in a trade or business was given too much weight. Appellants admit there is such a presumption, but claim it vanishes when evidence is produced. The key words of this instruction are:

"The burden is upon the plaintiff to overcome the presumption of the correctness of the Commissioner's determination by proving by a preponderance of evidence that they were engaged in the trade or business of financing motion pictures."

Appellants did not except to the instruction. This Court does not hold it plain error and, unexcepted, we will not notice it. Rule 51(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Besides, no harm was done when the instruction is considered as a whole. The instruction did not specifically state that the presumption was to be considered as evidence, and the burden of proof of plaintiffs was correctly explained.

Affirmed.

4. See Towers v. Commissioner; 2 Cir., 247 F.2d 233, certiorari denied 355 U.S. 914, 78 S.Ct. 343, 2 L.Ed.2d 274.