**H. Beale ROLLINS and Mary E. Rollins, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7993.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 12, 1960.

Decided March 15, 1960.

Morris Fedder, Baltimore, Md. (Joel D. Fedder, Baltimore, Md., on brief), for petitioners.

Lloyd J. Keno, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Meyer Rothwacks, Attorneys, Department of Justice, Washington, D. C., on brief), for respondent.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

The primary issue here is whether certain losses sustained by the taxpayer are business bad debts, fully deductible from gross income under section 23(k)

(1) of the Internal Revenue Code of 1939, or non-business debts, deductible only as capital losses under section 23(k) (4), 26 U.S.C.A. § 23(k) (1, 4).[1] The facts are fully reported in the opinion of the Tax Court at 32 T.C. No. 54 and a brief summary suffices for present purposes.

Taxpayer, H. Beale Rollins, who has been engaged since 1925 in the active practice of law and as an independent insurance investigator and adjuster in Baltimore, Maryland, has also during this period participated in a number of business undertakings, two of which give rise to the losses in issue. One involved an advance of $20,000 made in 1950 by petitioner to Manufacturers Research Corporation to enable it to manufacture special identification cameras in accordance with a contract with the United States Air Force. In 1952, the Air Force declared the contract in default. The proceeds from the sale of the corporation's assets were insufficient to satisfy its debts, and taxpayer never recovered any of his funds. This loan became worthless in 1952, the year in which the taxpayer claimed full deduction as a "business bad debt."

The other venture was in connection with a tomato skinning and canning machine being developed by Benjamin I. Buck, a former client of Rollins. In 1949, the latter agreed to advance Buck $10,000 for further development and production of the machine and to obtain a patent thereon. During the years 1950–1953, petitioner made further advances totaling $111,969.60 to Buck and to Associated Buck Canning Machines, Inc., a corporation formed to carry on this enterprise. No notes or stock was ever issued for these advances, which constituted the entire operating funds of Associated Buck Canning Machines, Inc. Though patents on the machine have been obtained, no purchaser has ever been found. Taxpayer deducted the $111,969.60 in his 1953 tax return as a totally worthless business bad debt.

The claim for deduction in full of the losses in these two ventures, as *business* bad debts, rests upon the taxpayer's assertion that he was in the business of promoting, organizing, managing and making loans to business enterprises. To substantiate this contention, he cites his participation in twenty-two ventures in the twenty-eight year period from 1925 to 1953. The Commissioner, on the other hand, insists that the losses are in fact *non-business* bad debts, that Rollins was not in the business of a promoter but only made investments sporadically or as a sideline to his regular business.

■■ It is well established, as noted by Judge Maris in Commissioner of Internal Revenue v. Stokes' Estate, 3 Cir., 1953, 200 F.2d 637, 638,

"that activities of an individual as a stockholder, a director and officer of a corporation in conducting the business of the corporation do not amount to the carrying on of a personal trade or business by the taxpayer within the meaning of the Code. Dalton v. Bowers, 1932, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389; Burnet v. Clark, 1932, 287 U.S. 410,

---

1. "§ 23. Deductions from gross income.
  *    *    *    *    *
  "(k) Bad debts.
  "(1) General rule. Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.
  *  *  *
      *      *      *      *      *

"(4) Non-business debts. In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term 'non-business debt' means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business."

53 S.Ct. 207, 77 L.Ed. 397. An individual taxpayer ordinarily may not thus pierce the corporate veil for his own benefit, taxwise."

Whether a bad debt loss is incurred in taxpayer's trade or business is essentially a question of fact. Higgins v. Commissioner, 1941, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; Ferguson v. Commissioner, 4 Cir., 1958, 253 F.2d 403; Holtz v. Commissioner, 9 Cir., 1958, 256 F.2d 865.

We turn therefore to the findings of the Tax Court in the instant case. Analyzing the history of taxpayer's business activities, the Tax Court found that eleven of the twenty-two "purportedly separate ventures are all related to one field of activity, i. e., the trucking business * * *;" that "petitioner's activities with respect to the trucking enterprises were motivated more by his interest as an investor and as an officer and employee of the various entities than as an independent promoter;" and "[t]o the extent petitioner may have participated in the trucking business the most that can be said is that this business was one of two separate businesses with which he was involved—the other being the practice of law. Cf. Holtz v. Commissioner, supra." Upon examining the other alleged promotional ventures, the Tax Court found that they were occasional, scattered and insufficient to establish Rollins' claim of being in the business of a promoter. The court thus concluded that:

> "Petitioner was not engaged in the separate and distinct business of promoting, financing, managing, or of lending money to business ventures during 1952 or 1953. Losses claimed in 1952 of $20,000 and in 1953 of $111,969.60 were not proximately related to or incurred in the course of any business of petitioner."

The Tax Court accordingly held that the disputed items should have been treated as non-business bad debts, not as business bad debts.

The parties advanced their contrasting interpretations of the facts, and the Tax Court could with reason make the choice it made. The record does not imperatively call for the opposite view. That the Tax Court might not unreasonably have reached a different result upon this record, or that we might do so if we were the primary fact-finders, is not to impeach the decision under review. Only when the Court of Appeals, after considering all the circumstances, is firmly of the opinion that the Tax Court committed plain error will that decision be reversed. The present decision cannot, consistently with this settled rule, be declared clearly erroneous; at most it is the resolution of a fairly debatable factual question. 26 U.S. C.A. § 7482(a); Federal Rules of Civil Procedure, Rule 52(a). Illustrative cases are Gulledge v. Commissioner, 4 Cir., 1957, 249 F.2d 225; Ferguson v. Commissioner, 4 Cir., 1958, 253 F.2d 403; Towers v. Commissioner, 2 Cir., 1957, 247 F.2d 233, certiorari denied 1958, 355 U.S. 914, 78 S.Ct. 343, 2 L.Ed.2d 274; Holtz v. Commissioner, 9 Cir., 1958, 256 F.2d 865; Skarda v. Commissioner, 10 Cir., 1957, 250 F.2d 429; Wheeler v. Commissioner, 2 Cir., 1957, 241 F.2d 883; Commissioner of Internal Revenue v. Smith, 2 Cir., 1953, 203 F.2d 310, certiorari denied 1953, 346 U.S. 816, 74 S.Ct. 27, 98 L.Ed. 343.

The cases relied upon by the taxpayer do not require a contrary holding. On its facts, Giblin v. Commissioner, 5 Cir., 1955, 227 F.2d 692, 696, is a much stronger case for the taxpayer. In Giblin, the finding was that the taxpayer "was regularly engaged in the business of seeking out business opportunities, promoting, organizing and financing them, contributing to them substantially 50% of his time and energy and then disposing of them either at a profit or loss. * * *" In our case, however, the Tax Court was not persuaded that the petitioner spent so substantial an amount of time in these endeavors. Moreover, unlike the Giblin case, the Tax Court here pointedly noted the absence of

evidence that the taxpayer had ever disposed of any business either at a profit or loss, after completing his asserted promotional and organizational activities—a circumstance that is not controlling but is entitled to consideration. As for Maloney v. Spencer, 9 Cir., 1949, 172 F.2d 638, that case presented a dissimilar situation, and the rationale of the decision was that the taxpayer's losses were incurred in his regular business of leasing food packaging plants; the loss was not claimed to have been sustained in the business of promoting and organizing ventures. Likewise distinguishable is Commissioner of Internal Revenue v. Stokes' Estate, 3 Cir., 1953, 200 F.2d 637, 638, in which the explicit finding was that the taxpayer "was engaged individually in the business of exploiting patents." Indeed, the last mentioned case contains the above quoted language of Judge Maris, which points out the very distinction the Tax Court found fatal to the taxpayer's claim here.

■ The parties stipulated that the $20,000 loan to Manufacturers Research Corporation became worthless in 1952, as reported by the taxpayer. However, as to the larger advance of $111,969.60, made to Associated Buck Canning Machines, Inc., the Commissioner refused to accept the taxpayer's claim that it became totally worthless in 1953. In contrast to business bad debts, which may be deducted under section 23(k) (1) of the Internal Revenue Code of 1939 to the extent that they become partially worthless in a given year, a non-business debt, to be deductible at all, must become *totally* worthless during the taxable year. If it becomes only partially worthless, it is not deductible to any extent in that year. Treasury Regulations 118, section 39.23(k)–6. In light of the evidence of reasonable expectations still entertained in that year for at least partial recovery, we must sustain the Tax Court's finding that this advance did not become totally worthless in 1953. For this reason the claimed deduction of the latter item was unavailable *to any extent* in that year.

It becomes unnecessary, in the view we take of the case, to pass upon the Commissioner's further argument that the amounts advanced by the taxpayer to Associated Buck Canning Machines, Inc., were actually contributions to capital rather than loans.

Affirmed.