Arthur S. Friedlander and Janice Friedlander v. Commissioner.
Friedlander v. Commissioner
Docket No. 5583-66.
United States Tax Court
T.C. Memo 1969-214; 1969 Tax Ct. Memo LEXIS 82; 28 T.C.M. (CCH) 1147; T.C.M. (RIA) 69214; October 14, 1969. Filed James B. Zane, 222 Beach 145th, Neponsit, N. Y., for the petitioner. Wallace Musoff, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioners' income tax for the year 1964 in the sum of $1,024.19. The only issue for decision is whether petitioners are entitled to a business bad debt deduction under section 166(a)(1) of the Internal Revenue Code *83 [1] for a loss incurred in 1964. Several other adjustments that were made by respondent in his statutory notice of deficiency have not been contested and one other issue was conceded by petitioners at trial. Findings of Fact All facts are stipulated, other than for one exhibit introduced at trial. The stipulation and exhibits attached thereto are incorporated by this reference. Arthur S. Friedlander (sometimes hereinafter referred to as Arthur or petitioner) and his wife, Janice Friedlander, resided in Bronx, New York, at the time the petition herein was filed. Their joint income tax return for 1964 was filed with the district director of internal revenue, Albany District, New York. Janice Friedlander is involved in this case only because she filed a joint income tax return with her husband. During 1964 Arthur was a salaried employee of Central National Corporation of New York, New York. His duties in this position concerned the general sale and marketing work in the sale of paper in the export market. On April 27, 1963, Arthur loaned Leo Feinstein (sometimes hereinafter referred to as Leo) *84 a total of $7,500 and received a promissory note in that amount with interest at 6 percent per annum, executed by Leo in Arthur's favor and made due on December 15, 1964. Leo was adjudged bankrupt on October 19, 1964, in the United States District Court for the Eastern District of New York. In his income tax return for 1964, Arthur deducted the entire amount of $7,500 as a business bad debt under section 166(a)(1). [2] In his notice of deficiency respondent 1148 determined that the $7,500 was entitled to nonbusiness bad debt treatment under section 166(d). [2]
Opinion The only issue for decision is whether petitioner may deduct the $7,500 loss on the loan to Leo as a business bad debt under section 166(a)(1)[2] rather than as a nonbusiness debt as was determined by respondent. The date of worthlessness and whether there was a bona fide debt are not in issue. *85 No connection between this debt and Arthur's employment as a salesman has been shown, consequently, in order to qualify the amount for business bad debt treatment, petitioner must establish that he was engaged in some other trade or business and that the debt (or the loss therefrom) was incurred in connection with and proximately related to such trade or business. Whipple v. Commissioner, 373 U.S. 193 (1963); George P. Weddle, 39 T.C. 493 (1962), affd. 325 F. 2d 849 (C.A. 2, 1963). Respondent contends that petitioner has failed to prove that he was engaged in any trade or business having any connection with this debt. We agree. While Arthur was employed by Central National Corporation in 1964, there is no basis in the record for a finding that he was so employed in 1963. The single loan to Leo in 1963 provides no foundation for a finding that he was engaged in the business of making loans in that year. Courts have consistently held that the right to take a deduction for a business bad debt on this ground is applicable only to the exceptional situation where the taxpayer's activities in making loans have been regarded as so extensive as to *86 elevate them to the status of a separate business, e.g., Max M. Barish, 31 T.C. 1280, 1286 (1959); H. Beale Rollins, 32 T.C. 604, 613 (1959), affd. 276 F. 2d 368 (C.A. 4, 1960). Certainly Arthur's one transaction cannot meet this criteria, nor is there any showing of record of any connection between the loss from the worthlessness of this debt and Arthur's employment by Central National Corporation. Accordingly, we find and hold that petitioner is not entitled to a business bad debt deduction under section 166(a)(1). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the 1954 Code unless otherwise indicated.↩
2. See following page for footnote.↩
2. SEC. 166. BAD DEBTS. (a) General Rule. - (1) Wholly Worthless Debts. - There shall be allowed as a deduction any debt which becomes worthless within the taxable year. * * * (d) Nonbusiness Debts. - (1) General Rule. - In the case of a taxpayer other than a corporation - (A) subsections (a) and (c) shall not apply to any nonbusiness debt; and (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. (2) Nonbusiness Debt Defined. - For purposes of paragraph (1), the term "nonbusiness debt" means a debt other than - (A) a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or (B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.↩