T.C. Memo. 1999-20

UNITED STATES TAX COURT

RICHARD T. STANLEY, SR. AND MIRIAM STANLEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 987-97.                        Filed January 29, 1999.

    Held:  P has failed to establish the existence,
amount, or worthlessness in the years at issue of
claimed nonbusiness and business bad debts.  P has also
failed to substantiate itemized deductions disallowed
by R.  P is liable for accuracy-related penalties for
negligence under sec. 6662, I.R.C.

Robert N. Bedford and Bruce G. Kaufmann, for petitioners.

Charles A. Baer, for respondent.

MEMORANDUM OPINION

    LARO, Judge:  Richard T. and Miriam Stanley petitioned the

Court to redetermine 1992 through 1994 income tax deficiencies of

$97,474, $152,220, and $5,569, respectively, and accuracy-related

penalties for negligence under section 6662(a) for each of these years. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar. Miriam Stanley is a party to this action by reason of having filed income tax returns jointly with petitioner Richard T. Stanley, Sr. References hereinafter to petitioner relate to Mr. Stanley.

This case was submitted to the Court without trial pursuant to Rule 122(a). After moving jointly to submit this case for trial on the basis of the pleadings and the facts recited and the exhibits in the stipulation of facts, petitioners' attorney was ordered to file a brief no later than November 13, 1998. Despite repeated admonitions that the brief was required and overdue, petitioner's attorney has failed to file with the Court his brief in this matter. We must decide the case, therefore, on the record before us, without benefit of petitioner's arguments.

Following concessions by the parties, we must decide whether petitioner is entitled to deduct nonbusiness bad debts of $498,500 for 1993. We must also decide whether petitioner is entitled to deduct business bad debts of $2,041,409 for 1994. Finally we must decide whether petitioner is subject to accuracy-related penalties for negligence pursuant to section 6662(a) for the years 1992 through 1994. We hold that petitioner is not entitled to the contested deductions and that petitioners

are liable for the section 6662(a) accuracy-related penalty for each of the years in issue.[1]

## Background

The following facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners filed joint tax returns for the years in issue. Petitioners resided in Pickens, South Carolina, on the date they filed their petition.

Petitioner is the founder of H. E. Stanley Pharmaceuticals and Subsidiaries, hereinafter referred to as the company. The company was founded to carry on work begun by petitioner's father who was a medical missionary in Haiti. Its primary focus was the manufacture and sale of preparations containing an ingredient known as QRB-7 for the treatment of certain skin disorders. Petitioner was the company's majority shareholder at least up to a certain point in 1992. He was its president, chief executive officer, and motivating force through the end of 1993. He was the company's largest shareholder up to the time it ceased operations.

---

[1] Respondent also disallowed deductions of $32,121 for unreimbursed employee business expenses in 1993 and legal fees of $26,976 in 1994. Petitioners raised no issue as to these disallowances in their petition and offered no evidence to support them. We treat these disallowances as having been conceded.

For the period 1987 through 1994, the company paid petitioner the following salary:

| | |
|---|---|
| 1987 | $76,327 |
| 1988 | 77,675 |
| 1989 | 75,000 |
| 1990 | 64,904 |
| 1991 | 82,500 |
| 1992 | - 0 - |
| 1993 | 31,731 |
| 1994 | - 0 - |

Over the period 1991 through 1993, petitioner made a number of cash advances to the company in the form of 90-day promissory notes bearing 10 percent interest. These advances, totaling $1,994,518, were never repaid. On December 16, 1993, the company issued a note in favor of petitioner (the December 1993 note) in the amount of $2,656,617.

Petitioner filed suit against the company in August 1994 to enforce the December 1993 note. In January 1995, petitioner filed a motion for summary judgment in this litigation. When the company sought to compel arbitration, petitioner successfully resisted. As recently as October 1995, petitioner was pursuing this litigation.

### Discussion

In 1993, petitioner claimed a nonbusiness bad debt deduction of $498,500. In 1994, he deducted business bad debts of $2,041,409. Respondent argues that petitioner has failed to establish the existence, nature, or worthlessness of the alleged bad debts. We agree that petitioner has failed to prove his entitlement to any bad debt deductions.

Petitioner must prove that respondent's determinations set forth in the notices of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner must also prove his entitlement to any claimed deduction. Deductions are strictly a matter of legislative grace, and petitioner must show that his claimed deductions are allowed by the Code. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

Section 166(a)(1) allows a deduction for any debt that becomes worthless "within the taxable year". Although petitioner advanced nearly $2 million to the company between 1991 and 1993, he claimed worthlessness as to only about one-fourth of that amount in 1993. Petitioner classified these advances as nonbusiness bad debts. Nothing in the record serves to identify which, if any, of petitioner's advances to the company became unenforceable in 1993, nor is there any explanation as to why some of the advances might have became uncollectible in that year while others did not. In effect, petitioner treated these advances, which he classified as nonbusiness debts, as partially worthless in 1993. A nonbusiness bad debt is deductible only in the year it becomes totally worthless. No deduction for partial worthlessness is allowed. Black v. Commissioner, 52 T.C. 147, 151 (1969). As an additional ground for denying this deduction, we note that petitioner has alleged no specific fact or set of facts which would establish that 1993 was the year in which his advances to the company became worthless. To qualify for a bad debt deduction, a taxpayer must show that "some event occurred

during the year in which the deduction is sought that rendered the debt uncollectible." Greenberg v. Commissioner, T.C. Memo. 1992-292. Since petitioner is claiming a deduction for partial worthlessness, which is not allowable as to nonbusiness debts, and since petitioner failed in any case to establish that any portion of the debt became worthless during 1993, no bad debt deduction is allowable as to 1993.

In 1994, petitioner claimed a business bad debt deduction for advances to the company amounting to $2,041,409. We note initially that the amount petitioner claimed exceeds the amount he advanced to the company. But the key weakness in petitioner's position is that he once again fails to identify or demonstrate any particular circumstance or set of circumstances that would establish that his advances became worthless in 1994. Greenberg v. Commissioner, supra. In fact, petitioner's actions are inconsistent with the notion that the company became unable to repay these advances in 1994. As late as October 1995, petitioner was actively litigating against the company to collect the December 1993 note. Since petitioner has failed to establish that the debts became worthless in 1994, we need not decide whether these advances constituted business as opposed to nonbusiness debt.

As to the accuracy-related penalty, section 6662(a) imposes such a penalty equal to 20 percent of the portion of an underpayment that is attributable to, among other things, negligence. In order to avoid this penalty, petitioner must

prove that he was not negligent, i.e., that he made a reasonable attempt to comply with the provisions of the Code, and that he was not careless, reckless, or in intentional disregard of rules or regulations.  Sec. 6662(c); see also Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).  Petitioner was negligent if he displayed a lack of due care or failed to do what a reasonable and prudent person would do under similar circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).  Since petitioner has offered no evidence to prove he was not negligent, respondent's imposition of this penalty is sustained.

To reflect concessions of the parties,

Decision will be entered

under Rule 155.